## UNITED STATES v. KAPLAN.
### No. 249.

Circuit Court of Appeals, Second Circuit.

Feb. 16, 1931.

John T. Delaney, of Syracuse, N. Y., for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

At about 6:30, on the afternoon of September 8, 1929, the appellant, operating a Cadillac motorcar, near the Bolton farmhouse on the Clayton-Alexandria Bay highway in Northern New York, met and passed two customs patrol inspectors. Appellant turned from the main highway into the Bolton farmhouse, and the officers proceeded down 300 yards to a bend in the road. Another car driven by a former member of the customs patrol entered the driveway and went toward the barn and out of sight of the officers. The officers testified that at this distance they observed objects being taken from the appellant's car. They later entered the driveway, made a search of the house, and found four bags on the floor of the woodshed, and one of them said a bag in appellant's car. The four bags were taken out of the house and put in the appellant's car and taken away. These bags contained intoxicating liquor labeled as having been manufactured in Canada. After the seizure was made, one of the officers asked the appellant why he did not run, as he had two or three hundred yards' start, to which the appellant replied that he knew who it was and "we would pick him up sooner or later."

The offense charged here is a violation of the customs law in importing or smuggling goods from Canada (section 593(a, b), Tariff Act of 1922 (19 USCA §§ 496, 497). It is a crime fraudulently or knowingly to import, or assist in importing, merchandise into the United States unlawfully, or to receive, conceal, buy, or sell such merchandise after importation, knowing the same to have been imported or brought into the country contrary

to law. The statute referred to provides that whenever, on a trial of a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury.

On the trial, the appellant raised the question of illegality of the search and seizure which resulted in obtaining the bottles of liquor in question. Application was made to suppress the evidence seized through such illegal search of appellant's car. There were no facts or circumstances justifying the claim of probable cause for this search and seizure. The officers had never seen the appellant's car before, and the observations they made were at a distance of some 300 yards, at which time they said they saw some bags being taken from the car into the farmhouse. There is a strong improbability in this claim, because, viewed from their position 300 yards distant, with a curve in the road, it was highly improbable that they saw what is claimed. In any case, they could not suspect the contents of the bags were bottles of intoxicating liquors. Nor would the remark, alleged to have been made by the appellant, when the officer asked him why he did not run, since he had 300 yards' start, and to which he replied that he knew he "would pick him up sooner or later," satisfy the requirement of probable cause for the search. This remark was made after the seizure. The car was searched without probable cause, and the search was illegal, since there was no warrant authorizing it. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757; Dumbra v. U. S., 268 U. S. 435, 45 S. Ct. 546, 69 L. Ed. 1032. It was therefore error to receive in evidence the bottles contained in the bags.

Appellant sought to impeach the testimony of appellee's principal witness and officer by calling his attention to the statements made by him in an affidavit for a search warrant to search the Bolton farm on September 9th, the day after appellant's arrest. In that affidavit, the witness stated that he "saw a man drive into said premises and take two bags from his car and place them in said house; deponent later examined said car and found therein more bags of similar kind which upon examination deponent found contained foreign liquor." This statement contradicted the witness' testimony at the trial when he testified that he found four bags in the house and one in the car. On cross-examination, he said he saw appellant carry objects that resembled bags from the car twice and two each time. It was error to exclude this affidavit, for it contradicted the witness' testimony and attacked his credibility. Its exclusion was prejudicial and erroneous.

We need not consider the other error assigned that the court erroneously instructed the jury as to the statutory presumption applying to both counts of the indictment, under section 593(a, b) of the Tariff Act 1922. Since the seized liquor was unlawfully received in evidence because of the illegal search and its seizure, it is manifest that the government failed to establish the charges of the counts of the indictment.

Judgment reversed.