**MARGGRAF v. LEWIS, Prohibition Administrator, et al.**

**SAME v. UNITED STATES.**

Nos. 2571, 2577.

Circuit Court of Appeals, First Circuit.

Nov. 28, 1931.

Joseph M. Hargedon, of Lawrence, Mass. (Coulson, Donovan & Hargedon, of Lawrence, Mass., on the brief), for appellant.

Haven Parker, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

These two cases arise out of the same transactions. No. 2571 is a petition filed October 31, 1930, for the return to the plaintiff of a certain Chevrolet truck, of which he was the owner. It is alleged in the petition that Walter H. Sullivan, a federal prohibition agent, on the 26th day of October, 1930, procured a search warrant from Richard B. Walsh, a United States commissioner, "to search a certain one story building, with the cellar beneath, located on Boston Street in Methuen, and between premises numbered 54 and 60 on said street, said building being painted light brown, with dark brown trimmings"; that the warrant to search was procured on Sunday, and that the service of the warrant was had on Monday, October 27, 1930; that in the service of the warrant said Sullivan seized the automobile truck while standing in the driveway leading to the premises mentioned in the warrant and the filter and mat then in the truck; that the car thus taken is in the custody of Jonathan S. Lewis, prohibition director for the district of Massachusetts.

It is further alleged that the property was unlawfully and improperly taken under the search warrant or otherwise by Sullivan, and is improperly and illegally held by Lewis, in violation of the petitioner's rights under the Constitution of the United States; that the property thus illegally seized by Sullivan and held by Lewis is to be used by them as evidence in the prosecution of the petitioner by the United States; and that the petitioner's rights would be violated, unless the property is ordered returned.

It is further alleged that the search war-

rant (annexed to the petition and marked "A") had been returned to the commissioner, and that he, the petitioner, had been ordered to appear before the commissioner for hearing on November 8, 1930.

The search warrant annexed to the petition reads as follows:

"United States of America.

"To the United States Marshal for the District of Massachusetts, or either of his Deputies: or to any Federal Prohibition Agent, or to any Civil officer of the United States, duly authorized to enforce, or assist in enforcing any law thereof, or to any person so duly authorized by the President of the United States:

"Whereas, the following complaint or affidavit has been this day signed and sworn to before me, Richard B. Walsh, United States Commissioner for the District of Massachusetts, to wit:

"I, the undersigned, upon oath, state that within a certain one story building with cellar beneath, located on Boston Street in Methuen, and between premises numbered 54 and 60 on said street, said building being painted light brown, with dark brown trimmings, being the premises of a person unknown in this District of Massachusetts, I have reason to believe there is located a quantity of intoxicating liquor to wit: alcohol, brandy, whiskey, rum, gin, beer, ale, porter, wine or spiritous, vinous, malt or fermented liquor, liquids, or compounds medicated, proprietary or patented, containing one half of one percentum of alcohol or more by volume and fit for beverage purposes, and certain property and articles designed to be used or used for the unlawful manufacture of intoxicating liquor, to wit: a boiler or boilers, kettles, pipe, burners and a quantity of mash, sugar, yeast, malt, hops, grain, which is being used as a means of committing a violation of the laws of the United States, to wit, the National Prohibition Act, upon the following facts: On October 26, 1930, about 1 p. m. while near said premises, I detected coming therefrom a strong odor, such as is caused by the manufacture of beer, with malt or malt extracts, with hops or other ingredients. I am familiar with this odor from my experience as a Federal Prohibition Investigator, and I know from such experience, that beer so manufactured will produce an alcoholic content of more than one half of one per cent. by volume. I have often tested beer so produced, and have had experience with such manufacture, and in all such cases the beer contained more than one-half of one per cent. of alcohol by volume. I am familiar with all the permits for manufacturing beer by dealcoholizing in this district; all such places in this district are subject to my inspection. I know that no permit to manufacture beer has been issued for the location above described, or for any place in the town of Methuen.

"Walter H. Sullivan
"Federal Prohibition Investigator.

"And Whereas application having been made to me for issuance of a Search Warrant, I have examined the above named Complainant on oath and I am satisfied upon the foregoing affidavit that there is probable cause to believe the existence of the grounds of application for a Search Warrant to search the premises above described, for the liquor or property above described.

"Now therefore you or either of you are hereby commanded, in the name of the President of the United States (in the day time only) with the necessary and proper assistance to enter the said premises above described and then and there to search diligently for said liquor or property above specified, and if the same, or any part thereof shall be found on the said premises, then you are authorized and commanded to seize and secure the same, and to bring the same before the undersigned, or to deal with and report concerning the same as the law directs and to make return of your doings to the undersigned within ten days from the date hereof. You are likewise commanded, in the event that you seize or take said liquor or property under this warrant, to give a copy of this warrant together with a receipt for the liquor or property taken (specifying it in detail) to the person from whom it is taken by you, or in whose possession it is found, or in the absence of any person, to leave a copy of this warrant, with a receipt as aforesaid, in the place where the liquor or property is found.

"Witness my hand and seal this twenty-sixth day of October, 1930.
"Richard B. Walsh
"United States Commissioner District of Massachusetts."

The facts alleged in the petition were supported by the sworn affidavit of the petitioner.

The defendants moved to dismiss the petition on the ground that the property in question was not in the custody of the court or any officer thereof, and therefore the court was without jurisdiction over the same.

The petition was denied, and the Chevrolet truck was condemned and ordered forfeited to the United States. From that decree the petitioner appealed to this court.

No. 2577 is an indictment in two counts. In the first count it is charged that Fred Marggraf, Jr., on the 27th of October, 1930, did unlawfully and knowingly manufacture intoxicating liquor containing more than one-half of one per cent. of alcohol; and in the second count that he unlawfully possessed intoxicating liquor.

This indictment was found by the grand jury at the December term, 1930, of the District Court for Massachusetts. The cause was thence continued to the March term, 1931, and on March 19, 1931, the respondent filed a motion to quash the indictment for the following reasons:

"1. That the said indictment was returned by the grand jury, within and for this district, upon evidence submitted to it, which was incompetent and improper.

"2. That the seizure of the property of the defendant alleged to have been possessed and used by him in violation of the law was improperly made and in violation of the constitutional rights of the defendant, and the evidence thereof should not have been submitted to the grand jury.

"3. That the affidavit and sworn statement of Walter H. Sullivan, upon which a search warrant was issued and on which evidence was secured and submitted to the grand jury, furnished no sufficient basis for the issuance of said search warrant, for the reason that there were no facts stated in said affidavit which showed any probable cause for the issuance of said warrant."

On April 7, 1931, and before the trial, the motion to quash the indictment was heard and denied, subject to exception.

It appears in the bill of exceptions that the evidence, on which the indictment was procured, was obtained under a search warrant issued October 26, 1930, by Richard B. Walsh, United States commissioner for the District of Massachusetts, being the same warrant above set out in full in No. 2571.

April 10, 1931, the respondent was arraigned on the indictment, and pleaded not guilty; and, on that day, trial was had. The only witness was Walter H. Sullivan, who gave testimony obtained through the seizure, subject to the defendant's exception. No other evidence was introduced at the trial.

On the day that the respondent was required to plead and was brought to trial, he filed a written motion to suppress the evidence obtained under the search warrant, on the ground that the search and seizure was "a violation of his rights under and by virtue of the fourth and fifth amendments of the Constitution of the United States, and in particular that the affidavit and sworn statement of Walter H. Sullivan, upon which a search warrant was issued and on which evidence was secured and submitted to the grand jury and later attempted to be submitted to this court, furnished no sufficient basis for the issuance of said search warrant and that there were no facts stated in the affidavit on which said search warrant was secured which showed any probable cause of the issuance thereof."

This motion was overruled subject to exception. The defendant was found guilty, and ordered imprisoned in the house of correction for a year and a day on the first count, and to pay a fine of $500 on the second count, and he appealed to this court.

The District Court treated the proceeding in No. 2571 as one brought under U. S. C., title 27, § 39, 27 USCA § 39 (title 2, § 25, of the National Prohibition Act) to forfeit the truck on the ground that it was used in connection with an illegal brewery, and entered a decree of forfeiture on that ground.

■ The proceeding was not one brought by the United States under section 39 to forfeit the truck, but was a petition by its owner for the return of the truck. This being so, the jurisdiction and power of the court to forfeit the truck was not invoked, and the only questions opened for its decision on the petition were: (1) Whether the search warrant under which the truck was seized was properly issued—that is, whether the affidavit warranted a finding of probable cause for the issuance of the warrant; and, (2) if the warrant was properly issued, whether the truck was subject to seizure under it.

Section 39 of title 27, U. S. C. (27 USCA § 39), provides that a search warrant may issue as provided in U. S. C. title 18, §§ 611–631 and § 633, 18 USCA §§ 611–631, and § 633 (title 11, §§ 1–21, 23, of the Espionage Act of June 15, 1917). In section 613 (section 3 of the act) it is provided that a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and place to be searched; and section 626 (section 16 of the act) provides that, "if it appears that the property * * * taken is not the same as that described in the warrant or that there is

no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause it to be restored to the person from whom it was taken."

Assuming that there was probable cause for the issuance of the warrant, the question is whether the truck which was seized was particularly described in the warrant; for, if it was not, its seizure was not authorized by the warrant under which the return shows it was made. Marron v. United States, 275 U. S. 192, 196, 197, 198, 48 S. Ct. 74, 72 L. Ed. 231.

■ The property described in the warrant and which the officer was authorized to seize was "a quantity of intoxicating liquor, to wit: alcohol, brandy, whiskey, rum, gin, beer, ale, porter, wine or spiritous, vinous, malt or fermented liquor, liquids, or compounds medicated, proprietary or patented, containing one half of one percentum of alcohol or more by volume and fit for beverage purposes, and certain property and articles designed to be used or used for the unlawful manufacture of intoxicating liquor, to wit: a boiler or boilers, kettles, pipe, burners and a quantity of mash, sugar, yeast, malt, hops, grain, which is being used as a means of committing a violation of the laws of the United States." The warrant manifestly did not authorize the seizure of the truck, and its seizure under the warrant was unlawful. No attempt was made to justify its seizure in any other way. In this situation the plain mandate of section 626 is that "the judge or commissioner must cause it [the property unlawfully seized] to be restored to the person from whom it was taken." The denial of the petition was error, and it is unnecessary to consider whether the automobile was or was not subject to forfeiture under U. S. C. title 27, § 39 (title 2, § 25 of the National Prohibition Act) as being "property designed for the manufacture of liquor intended for use in violating this chapter or which has been so used."

In No. 2577 the only evidence before the grand jury, on which the indictment was procured or that was introduced at the trial upon which conviction was had, was obtained through the search and seizure; and, under the warrant, much liquor and paraphernalia designed for use and used in the manufacture of liquor was seized, as well as the truck.

In this case the single question raised by the assignment of errors is whether the affidavit upon which the search 'and seizure

warrant issued stated facts from which the commissioner acting as a prudent man reasonably could conclude that, at the time of making the affidavit and the issuance of the warrant, the law was being violated on the premises to be searched. Dumbra v. United States, 268 U. S. 435, 441, 45 S. Ct. 546, 69 L. Ed. 1032; Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Giles v. United States (C. C. A.) 284 F. 208, 214. If there was probable cause for the issuance of the warrant, the evidence admitted before the grand jury and at the trial on the indictment was competent. If there was not, the motion to quash the indictment should have been granted, and no trial had thereon.

■ While the facts stated in the affidavit are meager, in view of the affiant's knowledge of the peculiar and distinctive odor of fermenting beer coming from the premises in question and other facts stated in the affidavit, together with the fact that no permit had been obtained for the manufacture of beer on the premises, we are of the opinion that the commissioner was authorized in finding probable cause for the issuance of the warrant, and that the evidence obtained through the search and seizure was competent.

In No. 2571 the judgment of the District Court is vacated, and the case is remanded to that court, with direction to order the automobile truck returned to the petitioner.

In No. 2577 the judgment of the District Court is affirmed.