### GRAU v. UNITED STATES.

No. 6076.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1932.

C. B. Thompson and S. L. Blakely, both of Covington, Ky., for appellant.

Sawyer A. Smith, of Covington, Ky., for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

**HICKENLOOPER, Circuit Judge.**

The only question presented by this appeal is that of the constitutionality and validity, under the Fourth Amendment and the National Prohibition Act (27 USCA), of a search of the private dwelling of appellant and the seizure there of a still and large quantities of intoxicating liquor, mash, etc. The warrant under which the search was conducted, in compliance, or attempted compliance, with section 6 of title 11 of the Act of June 15, 1917, c. 30, 40 Stat. 229 (18 USCA § 616), stated· that whereas F. M. Curtis and H. S. Sandlin had made oath as complainants, and had presented their written affidavits "alleging that intoxicating liquors and property designed for the manufacture of intoxicating liquor have been and are being possessed, used and sold upon the premises hereinafter described," which premises were those searched, the said Curtis and Sandlin, national prohibition agents, were commanded to search such premises for the property specified. We are of the opinion that the form of the warrant was sufficient compliance with the requirement of section 6 of title 11 of the Act of June 15, 1917, that it shall state "the particular grounds or probable cause" for the issue of the warrant and the names of the persons whose affidavits have been taken in support thereof. The only question remaining, therefore, is whether the affidavits showed the existence of such facts and circumstances as to constitute probable cause, not only that intoxicating liquors were possessed at the premises with intent to use them in violation of the National Prohibition Act, but also that the private dwelling to be searched was "being used for the unlawful sale of intoxicating liquor" or that it was "in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house." Section 25, title 2, National Prohibition Act (27 USCA § 39).

We find an authoritative definition as to what constitutes probable cause in Dumbra v. United States, 268 U. S. 435, 441, 45 S. Ct. 546, 69 L. Ed. 1032. Under the definition there given there would be no doubt that the affidavit set forth facts and circumstances constituting probable cause for the belief that intoxicating liquors and property designed for the manufacture of intoxicating liquors were possessed on the premises to be searched with intent to use them in violation of the National Prohibition Act. The affidavit of F. M. Curtis averred that on or about October 14, 1931, "he went around and about the premises hereinafter described and saw persons haul cans, commonly used in handling whisky, and what appeared to be corn sugar up to and into the place and saw the same car or truck haul similar cans, apparently heavily loaded away from there, and smelled odors and fumes of cooking mash coming from the place, and he says there is a still and whisky mash on the premises." The only serious question is whether this affidavit is sufficient to justify the search under section 25 of the National Prohibition Act.

We here again expressly abstain from decision of the question whether the manufacture of intoxicating liquor in large quantities in a dwelling house may be of such commercial character as to justify a search warrant on the theory that the dwelling is used in part for a business purpose. Compare Staker v. United States, 5 F.(2d) 312 (C. C. A. 6); Kasprowicz v. United States, 20 F.(2d) 506 (C. C. A. 6). In the first of these cases, we recognized the doctrine that the National Prohibition Act does not authorize the issuance of a search warrant for a dwelling house merely because it is being used for the manufacture of liquor; in the second, we held that the unlawful sale of intoxicating liquor required by section 25 need not be a sale over a counter, or for consumption upon the premises, but that the section is satisfied by an affidavit establishing probable cause for the charge that the premises are being used for the prosecution of commercial sales, involving not only manufacture, but storage, delivery to purchasers, the filling of orders, and, generally, the maintenance of the premises to be searched as a headquarters for supervising a selling business.

We are not convinced that the position taken in the Kasprowicz Case is untenable. One does not manufacture liquor for his own use in such quantities as to require wholesale deliveries of corn sugar or the other ingredients of mash; and whisky so manufactured for personal use is not ordinarily shipped from the premises in cans, by automobile or truck load; nor are the cans in such case subsequently returned for refilling. Under the criterion established by Dumbra v. United States, such allegations are clearly adapted to warrant the belief that the dwelling is being used as headquarters for the merchandising of liquor. This, we reaffirm, is sufficient compliance with the requirement of section 25 that a dwelling may be searched if "being used for the unlawful sale of intoxicating liquor."

The judgment of the District Court is affirmed.