## McINES v. UNITED STATES.
### No. 6906.

Circuit Court of Appeals, Ninth Circuit.
Dec. 5, 1932.

Wilbur, Beckett, Howell & Oppenheimer and Francis E. Marsh, all of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Rex Kimmell, Asst. U. S. Atty., both of Portland, Or., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

Appellant was convicted in the court below of possessing and transporting intoxicating liquor in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). Trial by jury was waived. Prior to the trial a motion for the suppression of the evidence on the ground of an illegal search and seizure was denied after a hearing thereon. This appeal is from that ruling. The only question is whether or not the search and seizure without a warrant of appellant's automobile and the liquor contained therein was valid. The liquor then and there seized is the same for which appellant was convicted of transporting and possessing.

The facts are as follows: The arresting officer testified that between 12 o'clock midnight and 1 a. m. on the morning of November 18, 1931, he received a telephone call from a person whom he knew, and who had on previous occasions furnished him with reliable information, stating that a certain Ford coupé automobile, with a trunk on the back and bearing Washington state license 217532, would be driven along the Pacific Highway from California into Oregon early that morning loaded with intoxicating liquor. The arresting officer awaited this car, and, after observing it and recognizing the license number as given to him, he stopped it, searched it, and found a quantity of intoxicating liquor therein.

This testimony is controverted by that of appellant and his corroborating witnesses, to the effect that the officer was in fact awaiting the arrival of another car and that he [the officer] said that it was simply by luck that he caught appellant transporting the liquor, because he had no previous information regarding appellant's car.

In the brief of appellant it is said: "If your Honors deem that the facts set forth in Mr. Moon's [the arresting officer's] affidavit and in his testimony, in contradiction to the affidavits introduced by the appellant, are sufficient to constitute probable cause, then the appellant will have to abide by the judgment and sentence."

We are in accord with the decision of the trial court that the facts as testified to by the officer were sufficient to constitute probable cause and justify the arrest, within the rule of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, to the effect that, if a search and seizure without a warrant are based upon the belief, reasonably arising out of circumstances known to the seizing officer, that is, upon probable cause that the automobile contains intoxicating liquor, then the search and seizure are valid.

See, also, Husty v. United States, 282 U. S. 694, 700, 51 S. Ct. 240, 241, 75 L. Ed. 629, 74 A. L. R. 1407, involving facts very similar to those in the case at bar, where the Supreme Court said: "To show probable cause it is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act. Dumbra v. United States, 268 U. S. 435, 441, 45 S. Ct. 546, 69 L. Ed. 1032; Carroll v. United States, supra. It is enough if the apparent facts which have come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched."

Appellant complains that "the officer does not disclose the source of his informa-

tion, the name of his informant, nor does the informant disclose to the agent how he knew that this particular car was engaged in hauling liquor." In the brief of appellant there appears the following statement, or admission: "Counsel for appellant realized that it was useless to inquire of the name of the informant since the law does provide that the agent need not reveal the name unless he cares to do so." In United States v. Rogers (D. C.) 53 F.(2d) 874, 876, it is said: "The failure of the government to disclose by whom it was informed is immaterial. To inform is a statutory duty, and sound public policy forbids exposing informers to possible, even probable evil consequences." It would seem that this rule should likewise excuse the disclosure of evidence relating to the circumstances which provided the informant with his knowledge; otherwise, it would likely defeat itself.

Affirmed.