**UNITED STATES of America**

v.

**Jack JACOBSON.**

**Cr. No. 10264.**

United States District Court
D. Connecticut.

Oct. 17, 1961.

or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched * * *."

Defendant's motion is made pursuant to Rule 41(e), the relevant portions of which are:

"A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that * * * (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, * * *."

These rules are designed to effectuate the protection of the rights of all persons "against unreasonable searches and seizures" provided by the Fourth Amendment to the United States Constitution.

"The restrictions upon searches and seizures were obviously designed for protection against official invasion of privacy and the security of property. They are not exclusionary provisions against the admission of kinds of evidence deemed inherently unreliable or prejudicial. The exclusion in federal trials of evidence otherwise competent but gathered by federal officials in violation of the Fourth Amendment is a means for making effective the protection of privacy." Jones v. United States, 1960, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 734–736, 4 L.Ed.2d 697.

The question is whether sufficient evidence to establish probable cause to search was presented to the Commissioner. On the merits nothing is presented save the warrant and its two supporting affidavits. The defendant conceded one affidavit did establish probable cause that

---

Robert C. Zampano, U. S. Atty., New Haven, Conn., for plaintiff.

Jacobs, Jacobs, Jacobs & Jacobs, by Ira B. Grudberg, New Haven, Conn., for defendant.

BLUMENFELD, District Judge.

The defendant moves for the return of the fruits of a search and the suppression of its use as evidence against him in any criminal proceedings alleging that the search warrant under which it was acquired was illegally issued.

The sole ground of attack made here is that there was insufficient cause for issuing the search warrant. The conditions upon which a warrant may issue are set forth in Rule 41(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides:

"A warrant shall issue only on affidavit sworn to before the judge

the defendant willfully failed to purchase a Wagering Occupational Tax Stamp.

Thus, the inquiry here is refined to the question whether the affidavit of John S. McNerney, Special Agent, United States Treasury Department, is sufficient to establish probable cause to believe that the defendant was engaged in receiving wagers. The frame of reference for determination of probable cause to issue a search warrant is set forth in Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032, where the Supreme Court stated:

"In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was commission of the offense charged, there is probable cause justifying the issuance of a warrant * * *."

■■■ The Commissioner therefore was required to determine whether the apparent facts set out in the Special Agent's affidavit would lead a reasonably discreet and prudent man to believe that the defendant was "engaged in receiving wagers". In testing what are "apparent facts", the Commissioner was not required to exclude all hearsay information which the affiant had. If there is a substantial basis for crediting hearsay information it may be considered. Previous reliable information from the same informant would provide reasonable substantiation. Jones v. United States, 362 U.S. at pages 269–272, 80 S.Ct. at pages 735–737, supra. The apparent facts set out in the paragraphs No. 3, No. 4 and No. 5 of the Special Agent's affidavit although hearsay were reasonably substantiated under the requirements of the Jones case and therefore could be consid-

ered by the Commissioner in determining probable cause.

"3. On November 17, 1960, I received information from a reliable source who had furnished reliable information in the past that Jack Jacobson is presently engaged in bookmaking activities with regard to horse races and sporting events and is operating from his home using telephone number ST 7–5656.

"4. On November 17, 1960, I received information from another reliable source who had furnished reliable information in the past that Jack Jacobson is operating as a bookmaker from New Haven and usually works at home. This confidential source related that he is presently engaged in activities relative to bookmaking.

"5. On November 17, 1960, I also received information from the reliable source mentioned in paragraph four above that Jack Jacobson has a reputation of being a bookmaker and has a police record of several arrests for this type of activity."

Although the Jones case, supra, 362 U.S. at page 271, 80 S.Ct. at page 736 makes the flat statement, "We conclude therefore that hearsay may be the basis for a warrant", Circuit Judge Waterman's consideration of that case in an opinion which clearly and definitively sets forth the principles relating to the proper issuance of a search warrant led him to comment: "In addition, Jones may require that the affidavit include some factual information independently corroborative of the hearsay report." United States v. Ramirez, 2 Cir., 1960, 279 F. 2d 712, 715. Quite apart from the corroboration from additional reliable sources of information (see paragraphs No. 3, No. 4 and No. 5) the carefully charted pattern of long distance toll calls to and from known bookmakers from the premises owned and occupied by the defendant was a presentation to the Commissioner of concrete facts to show that the defendant was "engaged in receiving wagers".

The warrant exhibits a finding that upon the evidence submitted before him the Commissioner was satisfied that probable cause existed. The evidence might have led a reasonably discreet and prudent man to believe the offense had been committed. An independent judicial officer has weighed the evidence and thus due regard for the safeguards governing searches has been observed.

The defendant's motion for the return of seized property and the suppression of evidence is denied.