UNITED STATES of America,
Plaintiff-Appellant,

v.

John BESASE et al.,
Defendants-Appellees.

No. 75-1054.

United States Court of Appeals,
Sixth Circuit.

Sept. 9, 1975.

Frederick M. Coleman, U. S. Atty., Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, Scott P. Crampton, Gilbert E. Andrews, Chief, App. Section, Robert E. Lindsay, Carleton D. Powell, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

David G. Wise, Toledo, Ohio, John Kennedy Lynch, Cleveland, Ohio, Lawrence E. Duffey, Norman E. Bischoff, Cline, Bischoff & Cook, Toledo, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PECK, Circuit Judge.

This appeal is from a judgment entered against the government in its suit to reduce certain tax assessments against the defendant taxpayers to judgment. The district court found the search warrant pursuant to which evidence upon which the tax assessments were based was seized had not issued upon probable cause, and that, therefore, such evidence was inadmissible. The evidence excluded was essential to the government's case, which the district court therefore dismissed. Appellant argues that the search warrant in question was supported by affidavits providing probable cause and moreover, should this court find the search warrant invalid, the district court erred in applying the exclusionary rule.

The search warrant in question issued in October, 1963. The supporting affidavits alleged that Sam Besase, George Besase, John Besase, Angelo Perna, Ted Maison, and Sam Rappaport, appellees herein, and Norman Blackman, Emmanuel Licata, Gary Licata, John Spencer, John Doe known as "Little Paul", Silas Means and others were engaged in gambling activities within Sections 4411 and 4412 of the Internal Revenue Code of 1954 (26 U.S.C.); that gambling paraphernalia was being concealed on the premises known as 2031 West Alexis Road, Toledo, Ohio; and that except for Sam Besase, George Besase, John Besase, Angelo Perna, Ted Maison, and Sam Rappaport, none of the above-listed persons had registered or paid federal occupational taxes as required by law.

Pursuant to the warrant, gambling paraphernalia was seized; John Besase, Sam Besase, George Besase, Angelo Perna, Ted Maison and Sam Rappaport were indicted and convicted of filing fraudulent tax returns for a six-member partnership; which convictions were vacated by this court (*United States v. Besase,* 373 F.2d 120 (6th Cir. 1967)) on the ground that the government failed to prove that the alleged six-member partnership had not filed wagering tax returns. The issue of the validity of the search warrant was raised but not determined on appeal. The present civil suit was filed by the government in 1970.

The district court's decision finding the search warrant invalid and the evidence seized inadmissible, was apparently predicated upon two grounds: first, because the affidavits fail to supply facts to support allegations of defendants' failure to comply with the provisions of the occupational tax on wagering (although there are facts tending to show others named had failed to comply with the tax laws), there is no showing of probable cause as to the defendants and the warrant must fail as to them; secondly, the district court also indicated, in a post-suppression hearing, that as a result of this court's reversal of the criminal conviction, the "whole valid reason for the search warrant disappeared." We reject both of these conclusions.

■ The Fourth Amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." The probable cause requirement of the Fourth Amendment is satisfied if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched. *United States v. Harris,* 403 U.S. 573, 584, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Carroll v. United States,* 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Dumbra v. United States,* 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032 (1925); *United States*

**1308**

*v. One 1965 Buick,* 392 F.2d 672, 677 (6th Cir. 1968), *vacated on other grounds,* 402 U.S. 937, 91 S.Ct. 1602, 29 L.Ed.2d 105 (1970). The supporting affidavits in question recite, as the district court found, "in exhaustive detail, facts which would lead to the conclusion that defendants were engaged in a numbers lottery." Record at 92. The affidavits recite facts showing, *inter alia,* that wagers were placed on many separate occasions with five persons, Allen, Blackman, the two Licatas, and Spencer, none of whom had paid the special tax or were registered; that these five were also observed on many occasions, turning in the daily play to a group of "pick-up" men, who then proceeded to 2031 West Alexis Road carrying the brown paper bags or wrapped bundles of numbers slips. These affidavits clearly set out probable cause to justify a belief that the West Alexis Road property was the location of a gambling operation in which at least some of the principals had not paid the wagering occupational tax. The fact that these affidavits also specifically stated that the taxpayers who are defendants in this case had filed the required returns is no basis for suppressing evidence obtained as to them. The affidavits showed probable cause to believe that, at least, Allen, Blackman, the two Licatas, and Spencer were in violation of the law, and evidence of their violations could be found at 2031 West Alexis Road. Therefore, any evidence seized was legally obtained, and admissible against these defendants.

▪ There is no constitutional requirement that the warrant name the person who owns or occupies the described premises. *Hanger v. United States,* 398 F.2d 91, 99 (8th Cir. 1968), *cert. denied,* 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969); *Miller v. Sigler,* 353 F.2d 424, 428 (8th Cir. 1965), *cert. denied,* 384 U.S. 980, 86 S.Ct. 1879, 16 L.Ed.2d 690 (1966); *Townsend v. United States,* 253 F.2d 461, 464–65 (5th Cir. 1958). The specificity required by the Fourth Amendment is not as to the person against whom the evidence is to be used, but rather as to the place to be searched and the thing to be seized. Thus had the defendants not been named in the warrant, the evidence seized would have been admissible against them. Logic requires no different result on these facts.

Appellees rely heavily upon the case of *United States v. Office No. 508, Ricou-Brewster Bldg.,* 119 F.Supp. 24 (1954), in which the district court held invalid a search warrant on the ground that the supporting affidavits, while indicating facts sufficient for probable cause to believe taxpayer was operating a betting business, failed to recite *any* facts showing a violation of the federal tax laws. That case can be distinguished from the instant case, since the affidavits supporting the search warrant for 2031 West Alexis Road recite facts tending to show a violation of the tax laws, that is searches of the relevant tax records were made and no registration or payment of tax was revealed (at least as to some of the principals named in the affidavits). The fact that no specific violation of federal law was alleged as to these defendants is not crucial.

▪ The district judge, however, indicated that whatever probable cause might have existed at the time the warrant issued, it was destroyed when this court found in the criminal proceeding that the government failed to present any evidence of the conspiracy which formed the basis of the probable cause. Probable cause to justify issuance of a search warrant must be determined as of the time the warrant is issued. *Dumbra v. United States,* 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032 (1925); *United States v. Harris,* 482 F.2d 1115, 1119 (3rd Cir. 1973); *Schoeneman v. United States,* 115 U.S.App.D.C. 110, 317 F.2d 173, 177 (1963). In determining whether probable cause exists, the magistrate "is not required to determine whether the offense charged has in fact been committed, but he is concerned only with the question of whether there is reasonable ground to believe at the time of the affidavit that the law was being violated in

the premises to be searched." *United States v. Eisner,* 297 F.2d 595, 597 (6th Cir. 1962), *cert. denied,* 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17 (1962).

We find, therefore, that the affidavits showed sufficient probable cause at the time issued to warrant a reasonably prudent person in believing that an offense was being or had been committed on the premises to be searched, that the particular items to be seized would be found on the premises to be searched, and that the search warrant thus met the requirements of the Fourth Amendment. Because we hold the search warrant valid, we need not reach the question of whether the exclusionary rule was properly applied.

The decision of the district court is reversed and the case remanded.