**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Floyd Lee JOHNSON, Jr.,
Defendant-Appellant.**

No. 47808.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 18, 1984.

Application to Transfer
Denied Nov. 20, 1984.

J. Steven Erickson, Asst. Public Defender, Clayton, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant, Floyd Lee Johnson, Jr., was jury tried and convicted of three counts of receiving stolen property over $150, a Class C felony, § 570.080 RSMo 1978 and seven counts of receiving stolen property under $150, a Class A misdemeanor, § 570.080 RSMo 1978. Defendant was sentenced to serve fifteen years on one count of Class C felony. This sentence was ordered to be consecutive to concurrent ten year sentences on the remaining two felonies. The court further ordered defendant to pay a fine and to serve one year for each of the seven counts of the Class A misdemeanor to run concurrently with each other and concurrently with the terms served for the Class C felonies.

Defendant's sole point on appeal is that the trial court erred in overruling defendant's motion to suppress evidence because the search warrant authorizing the search of defendant's house for stolen property failed to identify with sufficient detail and specificity the items to be seized so as to deny him his constitutional rights under the Fourth Amendment.

We find the search warrant not fatally defective. We affirm.

■■■ The Fourth Amendment prohibits "general warrants" in an effort to prevent exploratory rummaging in a person's belongings by requiring that a "particular description" of the things to be seized be stated in the warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). The constitutional standard for particularity of description in a search warrant dictates that the language be sufficiently definite to enable the searcher to reasonably ascertain the place authorized to be searched and the items authorized to be seized. *See, Steele v. United States*, 267 U.S. 498, 503–04, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925). However, when assessing this constitutional standard, there is a practical margin of flexibility and the warrant need only be

sufficiently definite. The underlying measure of adequacy in the description is whether given the specificity in the warrant, a violation of personal rights is likely. *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir.1976). When the precise identity of the goods to be seized cannot be ascertained at the time the warrant is issued, the searching officer can only be expected to describe the generic class of items he is seeking. The degree of specificity, then must vary with the circumstances and the type of items to be seized. *Spinelli v. United States*, 382 F.2d 871, 886 (8th Cir. 1967), *rev'd on other grounds*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The facts here are undisputed. On December 4, 1981 a captain of the Clayton Missouri Police Dept. observed defendant along with two others, later identified as Carter and Crenshaw, attempting to sell jewelry to the owner of an antique store. The captain approached defendant, identified himself as a police officer and asked for identification. Defendant stated his name as Charles Williamson and that he was selling the jewelry for a friend. The captain informed him that due to the circumstances he would like to seize the items and proceeded to issue defendant a receipt to claim the items if they were found not to be stolen. Clayton Police Dept. circulated a description of these items some of which were later identified by victims of burglaries in University City.

■ Based on the preceding facts, John Crenshaw, one of defendant's companions on December 4, was arrested on December 8, 1981 at 1083 Groby Avenue in University City. Crenshaw told the police that stolen property, including various types of jewelry, chains, necklaces, earrings, four television sets and a revolver was in the residence at 1083 Groby Avenue. He also said he knew the property to be from burglaries in University City. Probable cause then existed to issue and execute a search warrant at that location. The search warrant described the property to be seized as "jewelry, consisting of gold and silver chains,

charms, earrings, necklaces, pins and other items, four television sets, one .32 caliber revolver reported stolen in burglaries in University City, Missouri." Section 542.-276.2(3) RSMo 1978 provides that the application for a search warrant shall:

> (3) Identify the property which is to be searched for and seized, in sufficient detail and particularity that the officer executing the warrant can readily ascertain it;

The search resulted in the seizure from 1083 Groby Avenue of over four hundred items of jewelry, most of which were found in defendant's bedroom, four television sets and one .32 caliber revolver. Upon arrest defendant identified himself as Floyd Lee Johnson, Jr., and gave his address as 1083 Groby Avenue. Many of the recovered items were later identified by victims of burglaries in University City and Olivette, Missouri.

■ Probable cause was established before application for the search warrant by the incident which occurred on December 4, 1981 and by the statements of John Crenshaw. *See, Dumbra v. United States*, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032 (1925). Since the police officers were lawfully upon defendant's residence and they had reasonable description of the property, they were authorized to seize those items they believed to be stolen property. The police not only had a generic description of the property to be seized which at the time was the best they could ascertain, the items fell within plain view of the searching officers. *See, Harris v. United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Ker v. State of California*, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 1634–35, 10 L.Ed.2d 726 (1963).

We find the property was properly seized and therefore properly presented as evidence in the trial court.

Affirmed.

REINHARD and CRANDALL, JJ., concur.