NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0399n.06

No. 11-5399

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 12, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANTHONY CORNELIUS BAYLIS, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS and SUTTON, Circuit Judges; DUGGAN, District Judge.*

SUTTON, Circuit Judge. Anthony Baylis appeals the district court's denial of his motion to suppress a gun and drugs seized during the search of a house. We affirm.

I.

In February 2008, Officer Allen Marvell Moore of the Oak Ridge Police Department made a traffic stop, after which the driver offered to be a confidential informant. The driver told Moore she had worked with other law-enforcement agencies in Tennessee in that capacity, which Moore confirmed with the agencies. Under Moore's supervision, the informant made four drug purchases from a man later identified as Trevelle Baylis (Anthony's brother), including three purchases from a residence located at 130 South Walker Lane in Oak Ridge. The informant told Moore that a

_____

* The Honorable Patrick J. Duggan, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

woman named Melissa McBee owned or rented the house, and that Trevelle Baylis did not live there but used the house to sell drugs, with McBee's knowledge. On April 4, Moore obtained a warrant to search the house. Later that evening, ten (or so) officers executed the warrant. They found Anthony Baylis there with a .38 caliber revolver, marijuana, ecstacy and crack and powder cocaine.

A federal grand jury indicted Anthony Baylis on one count of drug possession with intent to distribute, *see* 21 U.S.C. § 841, and one count of possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1). The following month, he moved to suppress the evidence seized from the search, claiming no probable cause supported the warrant. The magistrate judge agreed in part. He concluded that, although the police could reasonably believe Trevelle Baylis sold drugs from the house, that did not suffice because he did not live there and no evidence showed he stored drugs there. The magistrate judge nonetheless recommended that the district court deny the motion to suppress because "a reasonably well trained officer would have believed the Warrant was valid." R.25 at 25; *see United States v. Leon*, 468 U.S. 897, 922 n.23 (1984). The district court adopted the magistrate judge's recommendation.

The grand jury returned a superseding indictment charging Anthony Baylis with one count of drug conspiracy, two counts of drug possession with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. After another unsuccessful motion to suppress, a jury convicted him on all counts. The district court sentenced him to 123 months in prison.

II.

Baylis contends the district court erred in denying his motion to suppress. We disagree. When the police observe a suspect repeatedly sell drugs out of the same residence, they usually will have probable cause to search the home, as there is good reason to believe the police will find evidence of the drug sales there, whether in the form of drugs or drug proceeds. *See, e.g.*, *United States v. Dyer*, 580 F.3d 386, 391 (6th Cir. 2009); *United States v. Coffee*, 434 F.3d 887, 894–95 (6th Cir. 2006). Baylis responds that this case is different because the suspect (Trevelle Baylis) did not live at the house. He merely used it for drug transactions, meaning probable cause existed to search the house only when the police had reason to believe Trevelle Baylis was there. We are skeptical. That a suspect visits a particular house, it is true, does not by itself give rise to probable cause to search it. *See, e.g.*, *United States v. Savoca*, 761 F.2d 292, 297 (6th Cir. 1985). But when the police have reliable information that the suspect has repeatedly sold drugs there, that is a horse of a different color. Knowledge that "the confidential informant witnessed the drug deal on the premises specified in the search warrant" in most cases will suffice to establish the "necessary nexus between the place to be searched and the evidence sought." *Dyer*, 580 F.3d at 391; *see also Coffee*, 434 F.3d at 894–95. That generally will be true regardless of whether the house in question is the suspect's residence or not. A search warrant after all is generally directed "not [at] the person against whom the evidence is to be used, but rather [at] the place to be searched." *United States v. Besase*, 521 F.2d 1306, 1308 (6th Cir. 1975). Evidence of drug-dealing is usually likely to be found in the place where the drug-dealing occurred.

But we need not decide whether reliable evidence of repeated drug dealing at a residence

*always* establishes probable cause for a search or even whether this pattern of drug dealing *here* does so. Even if the police lacked probable cause in this case, the district court correctly denied Baylis's suppression motion under the good-faith exception to the exclusionary rule. When the police rely on a search warrant later invalidated, the good-faith exception bars suppression of the evidence unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23 (1984). Baylis offers no reason to believe a well-trained officer would have known the warrant was defective. Nor can we think of any reason on our own. The police did not knowingly or recklessly mislead the magistrate; the magistrate acted neutrally in issuing the warrant; the warrant was not deficient on its face; and the police acted in good faith in executing the search. *See United States v. Hython*, 443 F.3d 480, 484 (6th Cir. 2006).

Baylis also implies, though he never argues, that the evidence fails to support his conviction. Because this issue is "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," we decline to address it. *United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004).

III.

For these reasons, we affirm.