### HOWELL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1924. Rehearing Denied February 20, 1924.)

No. 4099.

1. **Indictment and information ⊚⇒125(3)—Indictment for unlawful sale of narcotic drugs held not duplicitous.**

   An indictment under Harrison Narcotic Act, § 1, as amended by Revenue Act 1918, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), charging defendant with dealing in narcotic drugs in unstamped packages, *held* not bad for duplicity, because it also averred that defendant was a dealer required to register under the act; failure to register not being charged as an offense.

2. **Criminal law ⊚⇒395—Narcotics found on search without warrant, but with defendant's consent, held admissible.**

   Bottles containing narcotic drugs, found in defendant's dwelling on a search made without a warrant, but with defendant's consent, *held* admissible in evidence against him.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Criminal prosecution by the United States against Alge Howell. Judgment of conviction, and defendant brings error. Affirmed.

H. L. Landfried, of New Orleans, La., for plaintiff in error.

Louis H. Burns, U. S. Atty., and L. P. Bryant, Jr., Asst. U. S. Atty., both of New Orleans, La. (Rene J. Waguespack, Asst. U. S. Atty., of New Orleans, La., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRYAN, Circuit Judge. This is a prosecution under section 1 of the Harrison Narcotic Law (38 Stat. 785), as amended by Revenue Act Feb. 24, 1919, § 1006 (40 Stat. 1130 [Comp. St. Ann. Supp. 1919, § 6287g]). The indictment charges that the defendant Alge Howell—

"being then and there a person engaged in dealing in compounds, manufactures, salts, derivatives, and preparations of opium and coca leaves, and as such being required by the laws of the United States to register as such dealer in the internal revenue collection district of Louisiana, he, the said Alge Howell, alias Albert Powell, did then and there unlawfully, willfully, knowingly, and feloniously deal in certain compounds, manufactures, salts, and derivatives of opium and coca leaves, to wit, morphine and cocaine, did then and there have in his possession two hundred and forty grains morphine and five grains of cocaine, which said quantity of morphine and cocaine did not then and there have affixed thereto appropriate tax-paid stamps as required by the act of Congress approved December 17, 1914, as amended by sections 1006, 1007 and 1008 of the Revenue Act of Congress approved February 24, 1919, contrary," etc.

Several government agents applied to the defendant for permission to enter his home, and the defendant invited them to come in. They began to make a search, and in doing so came to a room occupied by defendant's wife. The defendant requested his wife to open the door, which she did. Having thus gained admission, the officers found two bottles of morphine, which were introduced in evidence over defendant's objection that the search was unlawful. The officers had no search warrant.

The defendant was convicted as charged, and on this writ of error contends: (1) That the indictment is bad for duplicity, in that it seeks to charge a failure to register and a dealing in narcotics without first paying the special tax required of dealers, and also that the defendant dealt in narcotics upon which the internal revenue tax had not been paid, and which did not have tax-paid stamps attached to the original package; and (2) that the court erred in admitting in evidence the two bottles of morphine found upon defendant's premises, on the ground that the officers who found them were not armed with a warrant, and that consequently the search was illegal and in violation of defendant's constitutional rights.

[1] 1. Section 1 of the act under consideration, among other things, requires every person who deals in opium or coca leaves or any derivative thereof to register with the collector of internal revenue and to pay a special tax. It also levies an internal revenue tax upon opium and coca leaves and their derivatives. It is made unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs, except in or from the original stamped package. The absence of tax-paid stamps from any such package is prima facie evidence of a violation of the section. It thus appears that it is an offense for a dealer to fail to register and to pay the special tax, and that it is another and separate offense for any person to purchase or sell derivatives of opium or coca leaves, such as morphine and cocaine, except in or from the packages to which tax-paid stamps are attached.

Each of the offenses above named should be charged in separate counts of an indictment, because they are separate. That part of the indictment which charges that the defendant as a dealer was required

to register, and that he unlawfully dealt in the prohibited drugs, does not charge that he failed to register. The indictment, therefore, does not charge one of the two offenses, and it follows that the language just referred to is surplusage. But the indictment does charge that the defendant was a dealer, and dealt in and had in his possession narcotics to which the stamps evidencing the payment of the internal revenue tax were not attached. It therefore sufficiently charges the second of the offenses above mentioned. The form of the indictment is imperfect, but in our opinion it is sufficient to uphold a conviction of the defendant as a dealer, for the reason that the attempt to charge a failure to register was not successful.

[2] 2. The two bottles of morphine were properly admitted in evidence, because the defendant consented to the search of his premises. The sufficiency of the evidence upon the issue whether the defendant was a dealer is not presented by any exception or assignment of error, and therefore is not considered.

The judgment is affirmed.