## KEY v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 25, 1928.

No. 8042.

1. **Criminal law** ⬥692—Defendant, admitting possession of liquor and inviting search, waived right to object to admission of evidence, because officers had no warrant.

Where defendant, on being accosted at entrance of his drug store by prohibition officers, who observed neck of corked bottle in defendant's coat, stated that he had a bottle of liquor, and asked officers to come into his store and search him, *held*, that he thereby waived his right to object to evidence thus obtained, because officers were without warrant.

2. **Constitutional law** ⬥43(1)—One may waive his constitutional rights.

One may waive his constitutional rights.

3. **Criminal law** ⬥1121(3)—Court need not consider evidence, where it is not certified that bill of exceptions contains all of it.

Circuit Court of Appeals need not consider the evidence, where it is not certified that the bill of exceptions contains all of it.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

26 F.(2d)—16

Emmett Key was convicted of unlawful possession of intoxicating liquor at a place which was within the limits of Indian Territory prior to admission of State of Oklahoma into Union, and he brings error. Affirmed.

Guy H. Sigler, of Ardmore, Okl., for plaintiff in error.

Frank Lee, U. S. Atty., and W. F. Rampendahl, Asst. U. S. Atty., both of Muskogee, Okl.

Before LEWIS, Circuit Judge, and SCOTT and DAVIS, District Judges.

LEWIS, Circuit Judge. Plaintiff in error was found guilty and sentenced to imprisonment and to pay a fine under an indictment which charged that "at about the hour of 7 o'clock in the morning on the 28th day of October, 1926, at a point immediately in front of premises located in the City of Ardmore known as the Key Drug Store, and in the presence of Claud Whitenack and Victor J. Buthod, in Carter County and State of Oklahoma, Emmett Key wilfully, unlawfully and feloniously had in his possession, custody, control and keeping certain intoxicating liquor, to wit, two pints of whisky; the place in said City of Ardmore, County of Carter and State of Oklahoma, where said liquor was had, kept, and possessed by the said defendant having been within the limits of the Indian Territory and a part thereof prior to the admission of the State of Oklahoma into the Union as one of the United States of America," etc.

Defendant is here complaining that "the court erred in permitting the prohibition officers to testify in reference to what they found when they searched the plaintiff in error, which testimony was admitted over the objection of the defendant below."

[1, 2] The record contains the testimony of two prohibition enforcement officers. They were across the street in Ardmore from the Key Drug Store at 7 o'clock in the morning of October 28, 1926, when defendant came up in an automobile in front of his drug store and got out. The two officers then went across the street. One of them searched the automobile but found nothing; while the other, who observed the neck of a corked bottle in defendant's coat pocket, entered into conversation with him. This officer said, "You are holding something, aren't you?" Defendant replied he had a bottle of liquor. The officer said, "Wait a minute; the other officer will search you." They were standing on the sidewalk. The other officer came up. Du-

fendant asked that the bottle be not taken out on the sidewalk, so people could see it. He said, "Come on inside and search me." One officer testified defendant was arrested just inside the door to the drug store and searched. Three bottles of whisky were found, one in the defendant's coat pocket and one in each hip pocket. The other officer testified defendant was not arrested at all, but just told to appear before the commissioner and give bail; that defendant was first searched before anything was said about arrest. Seemingly there is conflict on the point whether he was arrested before search. And it is argued, there being neither warrant of arrest nor facts justifying arrest without warrant, the search was unlawful and the disclosures made by the search were not admissible in evidence. Snyder v. United States (C. C. A.) 285 F. 1, is relied on to support the contention. But in that case Snyder did not admit before the arrest and search, as did this defendant, that he had a bottle of liquor on his person.

Furthermore, the evidence stands uncontradicted and unquestioned that defendant asked the officers to come into his store and search him. It has been held that an owner of premises who consents that they may be searched without a warrant, cannot thereafter complain that the officer acted without lawful right. Waxman v. United States (C. C. A.) 12 F.(2d) 775; Giacolone v. United States (C. C. A.) 13 F.(2d) 110; Schutte v. United States (C. C. A.) 21 F.(2d) 830; and Dillon v. United States (C. C. A.) 279 F. 639. We see no reason why the principle should not be applied here. One may waive his constitutional right.

[3] We have considered the evidence, though we need not have done so, for it is not certified that the bill of exceptions contains all of it.

Affirmed.