## SHELTON v. UNITED STATES.
### No. 4555.

Circuit Court of Appeals, Seventh Circuit.
May 27, 1931.

Harold J. Bandy, of East St. Louis, Ill., for appellant.

Harold G. Baker, U. S. Atty., and Ralph F. Lesemann, Asst. U. S. Atty., both of East St. Louis, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from a judgment sentencing appellant to serve a year in the Vermilion County Jail and to pay a fine of $500. Errors relied upon deal with questions of evidence.

Appellant, with one George Martin, was charged in an information containing two counts with (a) illegal possession of intoxicating liquor, and (b) unlawful maintenance of a common nuisance in the city of East St. Louis. Martin was acquitted, and the appellant convicted on both counts.

The material facts are:

For some eight days previous to August 20, 1930, prohibition agents had been "listening in" over tapped wires leading to appellant's telephone, and had recorded the conversations to which they listened, having previously, however, through other contacts, become familiar with appellant's voice.

The messages thus overheard, which passed between appellant and others, tended to establish Shelton's guilty participation in the liquor business. In fact, the messages showed Shelton to be a busy bootlegger. On August 20th, the government agents overheard messages which indicated appellant was about to convey a load of liquor to his home. The first information was received about 2:26 p. m., and appellant stated: "I will be in about six o'clock with that stuff." About 5:20 p. m., appellant's voice was again heard, and this time he conversed with his wife, stating that he was at a gasoline station having a tire fixed and would be home in about twenty minutes. The listening prohibition agent then notified Deputy Prohibition Administrator Hamilton, who testified that he had also been informed about 1:30 p. m. that appellant would convey a load of alcohol some time that afternoon. Without a search warrant, Hamilton went to appellant's premises, taking with him several prohibition agents, to await appellant's arrival. They reached the street opposite appellant's garage a few minutes before appellant arrived. As appellant drove in, Hamilton and his assistants rushed to the garage, arrested appellant, searched his person, found no liquor upon it, then searched his car, but found no liquor therein. They then looked around the garage and found five five-gallon cans of alcohol. Appellant did not have time after arriving at the garage to unload any liquor from his car before the agents appeared.

Appellant objected to the evidence showing his possession of twenty-five gallons of alcohol on the ground that such evidence was obtained without a lawful search warrant. Justifying the reception of this evidence, appellee made three contentions: (a) The search and seizure were permissible without a search warrant. (b) The search was made only after appellant had been arrested; his arrest without a warrant was legal because there existed probable cause for believing that he was committing a felony; that after making the arrest, the officers had a right to search appellant's person, his automobile, and the garage wherein the arrest was made. (c) By failing to take steps to suppress the evidence before the trial began, appellant waived his objection to such evidence.

(a) The circumstances under which officers may search premises without a search warrant are sufficiently stated in Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, and Husty v. U. S., 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, decided February 24, 1931, as to require no restatement here. The only serious doubt, which could arise from the record before us, is due to the time which elapsed between the receipt of the information and the search and seizure without a warrant. While it is true that the prohibition agents had some information as early as two o'clock in the afternoon that a load of alcohol was to be transported by appellant, the definite word of the exact hour was received only about thirty minutes before the car arrived. This was not sufficient time to permit the officers to secure the search warrant.

(b) But it is apparent from the record that the search was made as an incident to the arrest of appellant for the commis-

sion of a felony in the presence of the prohibition officers.

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted." Agnello v. U. S., 269 U. S. 20, 30, 46 S. Ct. 4, 5, 70 L. Ed. 145, 51 A. L. R. 409.

Here the information, which came to the prohibition officers about thirty minutes before appellant arrived at his garage, was such as to justify his arrest without a warrant. The arrest having been lawfully made, the arresting officers were authorized to make the search of the premises and of the person of appellant without a search warrant. The evidence conclusively establishes that the arrest was made before the search occurred.

Appellant argues, however, that notwithstanding the lawfulness of the arrest in the first instance the search was illegal because he did not in fact commit the felony for which he was arrested, nor did the property seized have any evidentiary value in proving such felony. Conceding, for the purpose of the argument only, that appellant did not commit the felony for which he was arrested and that the liquor found pursuant to the arrest did not tend to establish such felony, the search was nevertheless valid. If the arrest were lawful the search of the person of the appellant and the premises wherein the arrest was made was lawful. Evidence seized pursuant to a lawful search, following an arrest, does not become incompetent because it tended to establish an offense other than the one for which the arrest was made. Cornelius on Searches and Seizures, p. 171, § 49. Likewise a search of the person of the accused or of the premises where the arrest was made, following a lawful arrest is not illegal because of the subsequent acquittal of the accused on the charge for which he was arrested. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. In other words, if the arrest were lawful the search and seizure which followed as an incident thereto was lawful. The evidence found upon such search of the person or premises where the arrest was made thereupon became competent evidence against the person arrested, either to establish the felony for which he was arrested, or any other offense, provided, of course, it was relevant to any issue presented by such prosecution.

It is unnecessary to consider the third contention (c) relative to the admission of this evidence.

Other assignments of error were either waived upon oral argument or have been duly considered. We find no error in the trial of the case.

The judgment is affirmed.