## STOBBLE v. UNITED STATES.
### No. 6199.

Circuit Court of Appeals, Seventh Circuit.

June 10, 1937.

Rehearing Denied July 16, 1937.

Euclid Louis Taylor, of Chicago, Ill. (Patrick B. Prescott, Jr., of Chicago, Ill., of counsel), for appellant.

Michael L. Igoe, U. S. Atty., and Mary D. Bailey, Asst. U. S. Atty., both of Chicago, Ill.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment of the District Court finding appellant guilty of the purchase, reception, and concealment of heroin hydrochloride in violation of the anti-narcotic laws. A jury was waived and the case tried by the court.

The grounds on which the conviction is assailed are: First, the court erred in denying a motion to suppress evidence on account of an alleged illegal search and seizure and in admitting evidence thereby obtained; second, the evidence is not sufficient to justify a conviction; and, third, improper statements made by counsel for the Government as to other offenses committed by appellant.

The search and seizure complained of was made on July 22, 1936, without a search warrant, by Narcotic Agents Belcove and Kelly and Inspector Cushner. The record discloses the officers were acquainted with appellant and knew where she resided some time previous to this date. On April 20, 1936, they watched her apartment and, after seeing a person come from the rear door, arrested said person and found a quantity of heroin in her possession; that on another occasion in July another person was seen coming from the rear door of said apartment from whom the officers obtained

information that said person was purchasing narcotics from appellant. The officers on the day\ in question received information that one James Assimakis some time in the afternoon of that day was to meet appellant and receive narcotics from her. With this knowledge and information the officers located themselves near the apartment of appellant for the purpose of watching her movements. They soon saw her come from her apartment carrying two light brown ounce envelopes of the usual size and color in which heroin is contained. Appellant entered an automobile, which the agents knew to be hers, and which they followed to Wisconsin and Ogden avenues, Chicago, where she parked her car. The agents parked their car nearby, and on the opposite corner they saw James Assimakis and his car, also parked. Officers Kelly and Cushner approached appellant's car from opposite sides; the windows were down, and lying on appellant's lap were two one-ounce colored envelopes of the character in which heroin is usually packed. Appellant was requested to give them the envelopes but refused, and the officers grabbed the same, informing her she was under arrest. She was taken over to the Government car when she told Officer Belcove that she wanted to go home, change her clothes, and turn over the rest of the "stuff," stating she had four ounces and three halves. In company with the officers she returned to her apartment where she entered with the officers, pointed to a box on the table, and said: "There is the stuff." She picked up the box, handed it to one of the officers, who opened it and found four one-ounce packages and three halves, all of which contained heroin with no revenue stamps attached. Appellant admitted carrying the packages out of the house, as related by the officers, but claims she did not know the contents thereof.

The husband of appellant at the time in question had been in the penitentiary for more than a year serving a sentence imposed upon a similar charge. Her explanation was to the effect that a friend of her husband's called her on the telephone and told her of the packages which he and her husband had hidden some time before the husband was sent to the penitentiary; that she looked at the place designated by the husband's friend, found the packages, and was taking them to him when arrested.

The law with reference to what constitutes unreasonable search and seizure is well settled. The only difficulty is applying the law to the particular facts of a case. The leading case, especially concerning the search and seizure of an automobile, is that of Carroll v. United States, 267 U. S. 132, on page 149, 45 S.Ct. 280, 283, 69 L. Ed. 543, 39 A.L.R. 790, where it is said: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens."

The law is also very succinctly stated in Dumbra v. United States, 268 U.S. 435, on page 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032, where it is said: "In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant."

This court in Shelton v. United States, 50 F.(2d) 405, on page 406 said: "(a) The circumstances under which officers may search premises without a search warrant are sufficiently stated in Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790, and Husty v. U.S., 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 [74 A.L.R. 1407], decided February 24, 1931, as to require no restatement here. The only serious doubt which could arise from the record before us is due to the time which elapsed between the receipt of the information and the search and seizure without a warrant. While it is true that the prohibition agents had some information as early as two o'clock in the afternoon that a load of alcohol was to be transported by appellant, the definite word of the exact hour was

received only about thirty minutes before the car arrived. This was not sufficient time to permit the officers to secure the search warrant."

In the case of Boyd v. United States, 116 U.S. 616, on page 623, 6 S.Ct. 524, 528, 29 L.Ed. 746, designated in appellant's brief as the leading case on the subject, the court said: "The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him. The two things differ toto cœlo. In the one case, the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries past; and the like seizures have been authorized by our own revenue acts from the commencement of the government."

We are in accord with the decision of the trial court that the facts as related were sufficient to constitute probable cause and justify the arrest. The officers, from the circumstances known to them, undoubtedly had probable cause to believe that appellant had in her possession and was carrying in the automobile the contraband articles. They had no information as to the time appellant would leave her apartment, and it would have been futile for them to have delayed making the seizure until a warrant could be obtained. They were justified in making the arrest and seizure without a warrant. There is even less grounds for complaint for the alleged search made of appellant's home; in fact, no search was made. She invited the officers to her home and voluntarily consented to what was there done. She is in no position to complain of a seizure made under such circumstances. Howell v. United States (C.C.A.) 296 F. 911. Key v. United States (C.C.A.) 26 F. (2d) 241.

Nor is there any merit in the contention that the record fails to disclose appellant's guilt beyond a reasonable doubt. The evidence is convincing and no other conclusion could be reached. The testimony of appellant is so unreasonable that little, if any, credence could be attached to it.

After the court had found appellant guilty, counsel were requested by the court to give such information as they had concerning her. Both sides did so, and it is urged that counsel for the Government stated matters concerning her which there was no evidence to support. It seems to be the position of appellant that the court is not permitted to acquire any information other than what would be admissible on a trial before a jury. We know of no such law. After the court had found appellant guilty, it was quite proper for it to acquire any available information concerning her which would enable it to properly determine the appropriate punishment. There was no error committed in this respect.

The judgment is affirmed.