**UNITED STATES v. SEBO.**
No. 6774.

Circuit Court of Appeals, Seventh Circuit.
Feb. 4, 1939.

Alfred E. Roth, of Chicago, Ill., for appellant.

William J. Campbell, U. S. Atty., Warren Canaday, First Asst. U. S. Atty., and A. Bradley Eben, Asst. U. S. Atty., all of Chicago, Ill., for the United States.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

The appellant was found guilty by a verdict of a jury under two counts of an indictment charging him with unlawful possession and transportation of distilled spirits, the containers of, which did not have revenue stamps affixed thereto. The offenses charged were violations of Sec. 201 of the Liquor Taxing Act of 1934, which is Sec. 1152a, Title 26, U.S.C.A., and Sec. 1441(a), Title 26, U.S.C.A.

The errors assigned are (1) the court erred in overruling appellant's motion to suppress the evidence, (2) in allowing proof of other offenses, (3) permitting a witness to testify to conclusions, (4) in instructing the jury, and (5) the evidence is not sufficient to justify a conviction.

Counsel for appellant earnestly argues that the federal officers did not have reliable information such as would justify them in searching appellant's automobile without a warrant.

. The pertinent facts concerning the search are as follows: On July 31, 1937, investigators for the Alcohol Tax Unit, having no knowledge of their own nor of the reliability of the complaint, but pursuant to orders received from their superior officer, that there was an illicit distillery in the rear of certain premises at Chicago, Illinois, proceeded to the premises; arriving there they detected the odor of fermenting mash coming from a garage at the rear of 734 West Ohio Street. It was not a registered distillery. The garage was approached by a driveway leading from a street directly to a large sliding door. On August 2, 1937, the investigators returned to the premises and again detected a strong odor of fermenting mash coming from the garage. One of the officers observed appellant back a truck, riding lightly, into the driveway through an open gate, after which the gates were closed; ten minutes later, the same truck, heavily loaded, was driven out of the driveway; the officers followed the truck some distance, stopped it and inquired of appellant what he had in the truck and were informed that there was nothing in the truck. They thereupon searched it and found 37 five-gallon cans of alcohol weighing 6,528 pounds, the containers having no revenue stamps affixed thereto. It was a Ford Model "A" truck, panel body, so painted that it was impossible to see the interior.

Probable cause has been defined as reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense with which he is charged. . It is not necessary that the arresting officer should have had before him legal evidence of the suspected illegal act. It is enough if the apparent facts which come to his attention are sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor is illegally possessed in the automobile to be searched, and what constitutes probable cause must be determined from the standpoint of the officer with his skill and knowledge, rather than from the standpoint of the average citizen under similar circumstances, Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Dumbra v. U. S., 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032; Husty v. U. S., 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Kopp v. U. S., 7 Cir., 55 F.2d 878, and

Stobble v. U. S., 7 Cir., 91 F.2d 69; and the information which causes the superior officer of the investigators to order them to investigate the premises is unimportant. The legality of the officer's action does not depend upon the credibility of something told, but upon what they saw, i. e., what took place in their presence. Scher v. U. S., 59 S.Ct. 174, 83 L.Ed. ——, opinion by United States Supreme Court on December 5, 1938.

■ From the facts in the possession of the officers and as shown by this record, we are of the opinion that they were justified in believing the truck was being used in the commission of a crime. The search was, therefore, on probable cause and not unreasonable, and the District Court did not err in denying the motion to suppress the evidence.

It is next urged that the court erred in permitting the government to introduce evidence that a search warrant was issued for the premises at 734 West Ohio Street. It appears that immediately after defendant's arrest, the warrant was served upon the garage and it was found to contain a 300-gallon still, vats, cans, boiler, pumps, pipes and fittings.

■ The rule is of course elementary that when a defendant is on trial for one offense, irrelevant testimony tending to show the commission of a separate and distinct crime is not admissible. But there are exceptions to the rule which are so numerous that it has been said it is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions. One of the exceptions is that when the evidence tends to throw light upon a particular fact or to explain the conduct of a particular person, there is a certain discretion on the part of the trial judge which a reviewing court will not interfere with, unless it is clear that such testimony has no legitimate bearing upon the question at issue and is calculated to prejudice the accused in the minds of the jurors. Also evidence has been held admissible concerning acts which are closely and inextricably mixed up with the history of the guilty act itself as to form part of one chain of relevant circumstances. Moore v. U. S., 150 U.S. 57, 14 S.Ct. 26, 37 L.Ed. 996; Lynch v. U. S., 4 Cir., 12 F.2d 193.

■ At the time the evidence to which appellant objected was offered, it already appeared in evidence that the federal officers had testified to the strong odor of fermenting mash coming from the garage. Under this state of the record, there was no error in overruling the objection as it was only an incident to the unlawful transportation of the liquor. Even if this evidence was not strictly admissible, we can not believe that it had any real effect on the outcome of the trial.

■ We come next to appellant's contention that the court erred in permitting a witness to testify to conclusions. It hardly merits discussion. The witness testified that when the truck was driven into the driveway, it appeared to be empty, riding lightly. Immediately thereafter, the witness stated, "As the truck pulled out of the driveway, there is a gate, there is a depression in the street which is the gutter. As the rear end of the truck drove over that depression the body of the truck went down quite a bit, more than it did on the way in." Another witness testified, "The truck appeared to be loaded." On cross-examination he testified that what aroused his suspicions was the fact that the truck pulled out of this driveway loaded. This would not call for a reversal.

■ Appellant requested the District Court to instruct the jury that the government was required to prove that defendant knew the truck contained alcohol, the containers of which did not have affixed thereto the proper stamps and that knowledge could not be presumed from the fact that alcohol was found in the truck. The court did not give the instruction requested but informed the jury that the government was required to prove beyond a reasonable doubt that defendant knew the truck contained alcohol, the containers of which did not have affixed thereto the proper stamps. There was no error in so modifying the instruction.

■ It remains to consider the contention that the evidence is not sufficient to justify a conviction. We must assume that the jury believed the testimony produced by the government. That evidence showed beyond a reasonable doubt that the appellant was found transporting 185 gallons of alcohol upon which the tax had not been paid. The defense was that he had been hired to drive the truck for the purpose of repairing it, and that he had no knowledge of the contents of the truck. The credibility of the testimony in appel-

lant's behalf was for the jury to pass on. Whether the evidence was sufficient to establish guilt beyond a reasonable doubt, or whether it was equally consistent with innocence or guilt, were matters for the jury.

We find nothing in the record justifying reversal. The guilt of the appellant has been found upon adequate evidence and nothing appears that would justify disturbing the judgment.

Judgment affirmed.