Robert Francis CLIFTON, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 6993, 6994.**

United States Court of Appeals
Fourth Circuit.

Argued June 22, 1955.

Decided July 19, 1955.

Clyde A. Eltzroth, Hampton, S. C. (Henry Hammer, Columbia, S. C., on brief), for appellant.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., and Frank H. Cormany, Sr., Asst. U. S. Atty., Aiken, S. C., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Robert Francis Clifton (hereinafter called Clifton) was found guilty on all counts of two indictments charging criminal violations of the Internal Revenue

laws pertaining to liquor, after a jury trial in the United States District Court for the Eastern District of South Carolina. Clifton has appealed to us, contending that evidence admitted over objection of his counsel was obtained by an unreasonable search and seizure and that hearsay testimony was admitted in evidence against him. Neither of these contentions warrants reversal of the decision of the District Court.

The facts are relatively simple. On October 17, 1953, two investigators of the United States Alcohol and Tobacco Tax Division, together with an informer, drove to the rear yard of Clifton's house in Hampton County, South Carolina. The informer went to the house and told the person answering his knock that he wished to buy a jar of whiskey. The informer was told to see Earl Padgett, who lived down the road. The investigators and the informer brought Padgett to Clifton's back yard. Padgett entered the back door and came out with a half-gallon of untaxed whiskey. The investigators paid Padgett for the whiskey, identified themselves and arrested him.

One of the investigators then went to the back door of Clifton's house and knocked. Mrs. Clifton answered and made no objection when the investigator entered the room from which the whiskey had come. Among other things, 250 pounds of sugar and 35 gallons of illicit whiskey were found in the room. The whiskey was destroyed and the sugar was seized.

The investigators had neither a warrant for the arrest of Padgett nor a search warrant for the house. Clifton's motion to suppress evidence obtained by this search was denied by the trial court. The record shows that investigators had also purchased untaxed whiskey from Padgett on October 9, 1953, in the back yard of Clifton's home. The two indictments were for the separate violations of October 9 and October 17, 1953.

█ In United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, the Supreme Court indicated that whether a search and seizure without a warrant is reasonable within the meaning of the Fourth Amendment depends upon the facts of each particular case and is not a question easily answered by recourse to mechanical tests. It has long been recognized that some degree of search and seizure without warrant is permissible if made after a lawful arrest. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652. Of course, as we pointed out in Henderson v. United States, 4 Cir., 12 F.2d 528, 51 A.L.R. 420, the arrest must be more than a mere sham and not merely an excuse for the search. The arrest of Padgett, although without warrant, was lawful, since he had committed a felony in the presence of the investigators. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Janney v. United States, 4 Cir., 206 F.2d 601. Although counsel for Clifton contends otherwise, we think the search and seizure were clearly incidental to this arrest and were not proscribed by our decision in the Henderson case, supra.

The investigators had just purchased untaxed whiskey from Padgett after watching him obtain it from the room which they later searched. The search did not extend beyond the room from which the whiskey had come, and no force was used. Under these circumstances, we feel that the search was reasonable.

█ Counsel for Clifton contends that the search was not reasonable because Clifton was not the party arrested. There is no merit in this contention. The Fourth Amendment was not breached by a search of Clifton's home when, prior to the search, a felon was arrested in Clifton's back yard immediately after bringing untaxed whiskey out of Clifton's house. Clifton sought to insulate himself from such a search by rarely being at the house and by allowing Padgett to run his business for him. If a person

allows a felon to use his home for illegal purposes, then evidence obtained on a search made after arrest of the felon is admissible against the owner of the home. The search in this case was reasonable, being incidental to the arrest of Padgett. It is not necessary that the owner be the party arrested in such a case.

Clifton also contends that the trial judge improperly admitted in evidence the following testimony of investigator Haddon:

"Padgett stated just as soon as he was arrested that it wasn't his whiskey, that he was working for Bob Clifton and wanted us to be as easy as we could on him."

We quite agree with Clifton's counsel that this statement standing alone was inadmissible hearsay and should have been stricken. We do not feel, however, that its admission was reversible error. Before completion of the trial, Clifton's counsel put Padgett on as a witness and Padgett testified that he worked for Clifton as a farmer but sold whiskey for Mrs. Clifton. Padgett also testified at length concerning the statement he made immediately after his arrest. In view of this testimony, the statement of Haddon was admissible to impeach Padgett's testimony, evon though it would have been inadmissible hearsay otherwise. In any event, we feel that the admission of this statement, even if error, was harmless error and did not alter the case against Clifton, in view of the record before us, which clearly established the guilt of Clifton. Also, Clifton's contention that a verdict of acquittal should have been directed is groundless in view of the evidence before us.

For the reasons stated above, the decision of the District Court is affirmed.

Affirmed.