163 F.Supp. 4 (1958)
UNITED STATES of America, Plaintiff,
v.
Ruby Ross HAMM, Defendant.
No. 58 Cr. 161(3).
United States District Court E. D. Missouri, E. D.
June 30, 1958.
*5 Murry L. Randall, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Hans Wulff, St. Louis, Mo., for defendant.
WEBER, District Judge.
Defendant stands charged upon an information with unlawful possession of two gallons, more or less, of distilled spirits. The matter is presently before the Court upon defendant's Motion to Suppress the Government's Evidence. A hearing was held on the Motion and the testimony of the arresting officer was taken and his testimony, in effect, was as follows:
That the officer had received information that a woman, Mary Hoskins, and a man were engaged in the illegal liquor business; he and fellow officers were attempting to keep her under surveillance and on the day in question saw her in company with the defendant walking down the streets of the City of St. Louis; the defendant was carrying a paper shopping bag; both he and the woman went to a fish market and apparently made a purchase and then left and went to the premises of 718 South Fourth Street, which place the officers had also been informed was used in the illicit liquor trade; this property was kept under surveillance and later in the day the defendant was seen coming out of the premises carrying a shopping bag; the agent could see that this shopping bag contained two objects the size and shape of gallon jugs; the agent approached the defendant, identified himself and said, "I want to see what you have in that bag."; the agent then took the bag and looked into it and found two gallon bottles, one full and one partly full, of distilled spirits, and he then placed the defendant under arrest.
It can be seen from this testimony that the defendant was not arrested until after a search had been made and the distilled spirits found and this *6 places the question directly to the Court as to whether a search and seizure can be made, without warrant, prior to a lawful arrest. By Section 3045, Title 18 U.S. C.A., agents of the Internal Revenue Office may make arrests upon warrants. The Supreme Court of the United States in the case of United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 226, 92 L.Ed. 210, held that "in the absence of an applicable federal statute the law of the state where an arrest without warrant takes place determines its validity". The Missouri Courts have repeatedly held that an officer has a right to arrest without a warrant on reasonable grounds to suspect the person arrested has committed a felony. State v. Williams, 328 Mo. 627, 14 S.W.2d 434.
From the facts disclosed, it would appear that the agent had reasonable grounds to make an arrest. He had information concerning a woman and a man engaged in the liquor traffic and observed this defendant with that woman under suspicious circumstances; he observed the defendant come out of the house in which he had had information the illicit liquor traffic was being carried on; the defendant was carrying a bag and he could see two objects the size and shape of gallon jugs. The question of his reasonable grounds to make lawful arrest is not before this Court, however, for he chose to first make a search, then having found the evidence in question, he made the arrest.
There is no question but what the agent, before and after the search, had the right to arrest the defendant. There is no question but what, as the case now stands, the defendant can be brought to trial. All the facts which the agent has testified to about the surveillance and actions of the defendant could be testified to in Court. But the question presented by the Motion to Suppress is, can the testimony of the search and the evidence obtained from the defendant by the search prior to his arrest, be used as evidence against the defendant? Under the circumstances here, the answer is "No".
It has long and often been held that a search and seizure can only be made pursuant to a legally issued search warrant or incidental to a lawful arrest. United States v. Walker, 7 Cir., 246 F.2d 519; Clifton v. U. S., 4 Cir., 224 F.2d 329, certiorari denied 350 U.S. 894, 76 S.Ct. 152, 100 L.Ed. 786. The case of Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, points out the exception to the rule where a necessary difference is recognized between a search for contraband in a store, dwelling-house, or other structure, where a warrant may be readily obtained, and a search of a ship, wagon, automobile or other vehicle which may be quickly moved out of the locality or jurisdiction in which the warrant must be sought. In such instances, all the officer must have is reasonable or probable cause upon which to base his search and seizure. But no cases can be found where this rule can be extended to an individual walking down the street. In that case the officer should obtain a warrant or, if he has reasonable or probable cause for believing that a felony is, or has been, committed, he may make the arrest without a warrant.
But to search the individual prior to a lawful arrest makes the search illegal and the evidence obtained therefrom must be suppressed.
The Court recognizes the difficulty under which officers of the law operate. If they make an illegal arrest they may be subject to action or criticism. If they are too hesistant in the enforcement of their duties, they are likewise subject to criticism. Yet the courts have recognized that much more leeway is given to an officer than to an individual upon the question of "reasonable and probable cause," as revealed in the mass of cases dealing with "probable and reasonable cause for search and seizure without warrant." Chief Justice Marshall, in Locke v. U. S., 7 Cranch 339, 348, 11 U.S. 339, 348, 3 L.Ed. 364, said, "* * * the term `probable cause', according to its usual acceptation, means less than evidence which would justify condemnation; and in all cases of seizure, has a fixed and well-known meaning, it imports a seizure made under circumstances which warrant suspicion * * *."
*7 In United States v. Sebo, 7 Cir., 101 F.2d 889, 890, the court said, "probable cause has been defined as reasonable grounds of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense with which he is charged."
The officer, while working under many difficulties we can be sure, nevertheless has had signposts down through the years charting and directing what he may or may not do. He, of course, cannot, in the pursuit of his duties, violate the prohibition which the Fourth Amendment places upon him in securing the right "of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures * * *".
As Justice Clark has said in the case of U. S. v. Jeffers, 342 U.S. 48, loc. cit. 51, 72 S.Ct. 93, loc. cit. 95, 96 L.Ed. 59, concerning the prohibition contained in the Fourth Amendment, "In so doing the Amendment does not place an unduly oppressive weight on law enforcement officers but merely interposes an orderly procedure under the aegis of judicial impartiality that is necessary to attain the beneficent purposes intended."
Therefore, the Motion to Suppress shall be sustained.