**UNITED STATES of America**
**v.**
**Bruno T. PEPE.**
**Cr. No. 1280.**

United States District Court
D. Delaware.
Oct. 5, 1962.

See also 198 F.Supp. 226.

**330**

did not exist for the issuance of the warrant.

The motion is without substance and this decision consequently brief.

■ The conditions for the issuance of a search warrant for use in a federal prosecution must meet federal standards. Elkins v. United States, 364 U.S. 206, 224, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

Rule 41(b) and (c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provide:

"Grounds for Issuance. A warrant may be issued under this rule to search for and seize any property * * *

"(2) Designed or intended for use or which is or has been used as the means of committing a criminal offense * * *.

"A warrant shall issue only on affidavit sworn to before the judge [of a state court of record within the district wherein property is located] * * * and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. * * * It shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof."

■ Probable cause, then, is the standard against which the validity of the warrant must be tested. The substance of all the definitions of probable cause is a reasonable ground for belief of guilt, not mere suspicion. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L. Ed. 1879; United States v. Sebo, 7 Cir., 101 F.2d 889 (890); Townsend v. United States, 5 Cir., 253 F.2d 461; Carter v. United States, 5 Cir., 231 F.2d 232.

Stanley C. Lowicki, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

John Biggs, 3rd, of Bader & Biggs, Wilmington, Del., for defendant.

LAYTON, District Judge.

The defendant has moved to suppress evidence seized as the result of a search of his premises pursuant to a search warrant upon the ground that probable cause

■ A portion of the affidavit upon which the warrant in the case was based stated:

> "2(a) On May 15, 1959, your affiants received information from members of the Wilmington Police Department Vice Squad that numbers bets were being banked at 1507 Ayre Avenue, Newport Heights, Del. As a result of this information your affiants began a surveillance of this address [defendant's home]."

Defendant objects to this as hearsay. But the United States Supreme Court upheld such an affidavit based largely on hearsay in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).[1]

■ Moreover, most of the affidavit was based upon the personal knowledge of the officers making the affidavit. After reciting that they began a surveillance of defendant's home pursuant to information received from the Wilmington Police Vice Squad, the affidavit goes on to relate that two officers, both State Police officers experienced in gambling activities, (1) personally kept defendant's home under surveillance from May 15 to May 21, during so-called "banker's" hours (1:45 p. m. through 2:45 p. m.) and that each day defendant entered his home and remained therein during those approximate hours behind closed doors.[2] (2) That each afternoon he left his home and returned to Wilmington in time to make payoffs to winning bettors by 4:00 p. m., the usual time for making such payments. (3) That each afternoon when entering his home he was carrying a paper bag. Paper bags are the hallmark of the banker's profession. See Carter v. United States, 5 Cir., 231 F.2d 232, 234 and Townsend v. United States, 5 Cir., 253 F.2d 461, 465. (4) That upon the actual knowledge and experience of the affiants, defendant was a known numbers banker. (5) That defendant had been arrested 11 times for being concerned with lottery policy writing activities and gambling within less than four years and convicted at least 5 times; that his most recent arrest prior to the surveillance was one month and his most recent conviction prior to the surveillance only two months.

In my judgment, these allegations clearly meet the test of reasonable ground for the belief of guilt laid down by the federal cases. They demonstrate something beyond mere suspicion.

This conclusion is further fortified by an additional circumstance. At the first trial of this case (a new trial was granted), this very defense, the insufficiency of the allegation of the affidavit as to probable cause, was clearly and unequivocally waived.[3] There is authority for the proposition that a defendant can waive the legality of a search or seizure. Cyclopedia of Federal Practice, Third Edition, Vol. 11, Section 40.81. While I do not expressly decide the point, it must be apparent from the colloquy between the Court and defendant's counsel appearing in the footnote that defendant originally had little or no faith in the substance of this motion which is accordingly denied.

1. "We conclude therefore that hearsay may be the basis for a warrant." 362 U.S. 257, 82 S.Ct. 725.

2. The weather was very hot, and prior to defendant's entering the house, the door had been left open.

3. "The Court: Do you want to waive the question of the legality of the search?
   "Mr. Biggs: Yes.
   "The Court: You are going to waive it entirely?
   "Mr. Biggs: Yes.
   "The Court: Very well. * * *.
   "The Court: Now, I want to get this clear in my mind that the defense will raise no objection to the introduction of testimony on the grounds that there was an illegal search.
   "Mr. Biggs: We intend to make no objections as to the substance of the search itself, Your Honor.
   "The Court: Very well, I just wanted that clear."