**Wilbur U. WARD, Appellant**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15162.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 20, 1960.

Decided July 14, 1960.

Petition for Rehearing En Banc Denied
Sept. 19, 1960.

Circuit Judges Edgerton, Bazelon and Washington would grant the petition.

———◆———

Mr. Robert S. Green, Washington, D. C., with whom Mr. Bernard Koteen, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

An appeal at government expense was allowed to review conviction under a two count indictment charging violation of narcotics laws.[1] Appellant contends that the search warrant which led to appellant's arrest was improperly issued and unlawfully executed and hence the narcotics found in his possession may not lawfully be used as evidence against him.

Appellant's residence had been under surveillance by United States narcotics agents for some time prior to January 28, 1958. On that day Agent Wilson and Detective Brewer of the District of Columbia police sought a search warrant from the United States Commissioner. Wilson's application for a search warrant recited in substance: (1) He had been observing the premises and on at least two occasions had seen known drug addicts and drug peddlers entering and leaving; (2) at 9 P.M. of January 28 he had observed a known drug peddler, later identified as one Lester Cowan, enter and depart from the house. Wilson arrested Cowan shortly thereafter, finding 40 capsules of heroin in his possession. Cowan admitted purchasing these drugs at appellant's home, and further told of purchasing the same daily quantity there during the past three months; (3) that from this information and observation, as well as information from other reliable sources, Wilson believed narcotics were secreted on the premises.

The warrant affidavit, which was also signed by Detective Brewer, further recited that Detectives Brewer and Panetta, and United States Agents Wilson and

Lozwicki, had all observed the activities of the informant.[2] After Wilson and Brewer presented their affidavit to the United States Commissioner, the informant Cowan orally stated to the Commissioner under oath that he had been arrested by the agents after purchasing 40 capsules of narcotics from appellant earlier that day as the affidavits stated. Cowan made no affidavit.

■■ That a warrant may be issued on such information is beyond question as it plainly affords a "substantial basis" for credence in these circumstances even though hearsay. Jones v. United States, 1960, 362 U.S. 257, 272, 80 S.Ct. 725, 4 L.Ed.2d 697. The issue at the warrant stage is not whether the information or evidence would sustain a *conviction* or even a charge, but whether Wilson and his colleagues were "fully warranted * * * as [men] of reasonable caution in believing that an offense against the narcotics laws had been and was being committed." Brandon v. United States, 1959, 106 U.S.App.D.C. 118, 123, 270 F. 2d 311, 316. See also Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Jones v. United States, 1959, 106 U.S.App.D.C. 228, 271 F.2d 494, certiorari denied 1960, 362 U.S. 944, 80 S.Ct. 809, 4 L.Ed.2d 771; Christensen v. United States, 1958, 104 U.S.App.D.C. 35, 259 F.2d 192.

■■ D.C.Code, § 33–414(e) (1951) is an almost verbatim reproduction of section 6, Title XI, Espionage Act, June 15, 1917, c. 30, 40 Stat. 229, construed and applied in Dumbra v. United States, 1925, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032. It is clear that if the Commissioner is satisfied "of the existence of the grounds of the application or that there is probable cause to believe their existence, he *must* issue a search warrant." (Emphasis added.) Appellant complains that the search warrant here was invalid because the Commissioner did not take

1. 26 U.S.C. § 4704(a) (1958), 21 U.S.C.A. § 174.

2. Cross examination of Wilson disclosed that in addition to the information disclosed in his affidavit to the United States Commissioner he had information from police sources, other than Cowan, indicating narcotics activity at the premises.

the affidavit or the deposition of Cowan. If the Commissioner did rely upon Cowan's testimony before him, it clearly would have comported with the statute if the Commissioner had taken his affidavit or his deposition in writing. But his failure to do so here was not fatal, for the Commissioner may not have relied upon whatever Cowan said. It is sufficient that the Commissioner state "the particular grounds or probable cause" for the issuance of the warrant and "the names of the persons whose affidavits have been taken in support thereof * * *." Thus tested, and with the disclosure of ample basis for the issuance of the warrant, as we have noted, we reject the appellant's contention as to the omission of mention of Cowan.

If the information presented to the Commissioner apart from the oral testimony of Cowan was not sufficient to support the warrant a question would arise as to its validity because of the Commissioner's failure to take the affidavit or signed deposition of Cowan. Here the evidence before the Commissioner from two trained narcotics agents who had personal observation and reliable hearsay, without reference to the oral statements of Cowan, was ample to support the warrant and Cowan's oral statements may be regarded as cumulative or surplusage. However, we are constrained to direct the attention of all officials having responsibilities for seeking or issuing warrants, to the provisions of the District of Columbia Code and to underscore the provisions of the District of Columbia Code, § 33–414, particularly subparagraph (c). Courts should not be put, unnecessarily, to what in some cases might be a delicate evaluation of the weight of the evidence which is covered by affidavits or depositions as compared with that which, because it is not put into an affidavit or signed deposition, was seemingly regarded as not needed or relied on by the Commissioner. There is no reason why the already difficult tasks of the trial and appellate courts in matters relating to the suppression of evidence should be complicated and rendered more difficult by want of care in the compliance with a statute.

We have examined appellant's contentions as to alleged illegality in the execution of the warrant and find them to be without merit.

The judgment of the District Court is

Affirmed.