Jesse C. VICK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16462.

United States Court of Appeals District of Columbia Circuit.

Argued April 2, 1962.

Decided May 24, 1962.

As Amended June 5, 1962.

Mr. Gerald G. Schulsinger, Washington, D. C. (appointed by this court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., were on the brief, for appellee. Mr. Judah Best, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was convicted on two counts for violation of federal narcotics laws, 35 Stat. 614, as amended, 21 U.S.C.A. § 174, and 68A Stat. 550, 26 U.S.C. § 4704(a) (1958). A motion before trial to suppress contraband heroin was denied. A recital of the facts is in order in light of the accompanying order dismissing this appeal as frivolous and as having been improvidently granted at government expense.

At 7 A.M. on February 5, 1961, police officer Williams, one of a two man squad car detail, observed appellant, whom he knew, walking toward him on a public street. After appellant passed the police car, he dropped a white bottle about 5 feet behind the car. The officer at once picked up the bottle, which was labeled "Bufferin" and which contained white capsules. He called out to appellant saying that the contents looked like drugs. Appellant responded, "It is." The officer at once arrested appellant and thereafter searched him and found two hypodermic needles and other related narcotics equipment. In the presence of appellant and other officers 74 capsules were counted. No government stamps were on the bottle. Williams' patrol partner testified he saw Williams follow appellant to the rear of the squad car, pick up an article from the street and then return to the car where he exhibited a white bottle labeled "Bufferin." Expert testimony showed the bottle contained a total of 3508 milligrams of

heroin hydrochloride, quinine hydrochloride and mannitol.

On trial appellant offered only his own testimony [1] that he did not know if the capsules had been imported into the United States and he believed it possible the sources of the basic drugs may have been grown in the United States. On Count 2, based on 21 U.S.C.A. § 174, the District Court charged that possession of a narcotic drug would be deemed sufficient evidence to warrant conviction unless possession was satisfactorily explained by appellant. Appellant's testimony revealed a prior criminal record, including conviction under the Harrison Narcotics Act.

Appellant argues that the bottle containing contraband narcotics should have been suppressed because the officer failed to allow appellant time to give an explanation of possession before arresting him and hence the arrest and subsequent seizure of needles and paraphernalia were illegal. We are urged to take notice of some alleged "trend" in judicial thinking and hold that the "presumption" contained in 21 U.S.C.A. § 174 and 26 U.S.C. § 4704(a) is in violation of the Constitution. These presumptions have been passed upon by the Supreme Court in a comparable context and they have been sustained in plain unambiguous terms. The Supreme Court has held explicitly "that the last sentence of subdivision (c) of § 2 [21 U.S.C.A. § 174] authorizes a conviction when the Government has proved that the accused possessed narcotics, unless the accused explains or justifies such possession." Roviaro v. United States, 353 U.S. 53, 63, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). See also Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928) and Carlo v. United States, 286 F.2d 841, 849 (2d Cir.), cert. denied, 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961).

1. In the pre-trial motion to suppress evidence, appellant produced three witnesses who said they were present and had not seen appellant drop anything as stated by Officer Williams but none of these three witnesses testified at trial.

In these circumstances an order will be entered dismissing the appeal as frivolous and as having been improvidently granted at government expense. Our action should not in any way reflect on the able and exhaustive briefs and other efforts of court appointed counsel. He has vigorously and intelligently urged re-examination of every aspect of the case including the suggestion that we overrule the Supreme Court. The duty of counsel, whether privately engaged or court appointed, is fully performed when counsel has carefully explored and fairly presented every contention which can be reasonably and honorably urged by him as an officer of the court acting in his capacity as an advocate.

Appeal dismissed as frivolous.