James R. WALKER, Appellant,

v.

UNITED STATES of America,
Appellee.

Ethel E. WOODY, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17897, 17898.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 26, 1963.

Decided Nov. 14, 1963.

Petition for Rehearing En Banc
Denied Jan. 28, 1964.

Messrs. John J. Sexton and Joel N. Simon, Washington, D. C. (both appointed by this court) for appellants.

Mr. Lawrence S. Schaffner, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BASTIAN and MC-GOWAN, Circuit Judges.

McGOWAN, Circuit Judge.

Appellants were convicted by a jury of violations of the federal narcotic laws charged in a two-count indictment.[1] The issues raised here relate mainly to the adequacy of the showing made to support the issuance of a search warrant, and to the propriety of the actions taken in the course of its execution. We do not

1. The statutes involved are 26 U.S.C. § 4704(a) and 21 U.S.C. § 174. These cases involve the familiar pattern of the translation of the possession of unstamped narcotics into violations of these two statutes, neither of which defines the crime in terms of possession but each of which expressly contemplates that convictions may rest upon evidence of possession. We are strongly urged to invalidate these statutory presumptions under the Fifth Amendment. But this is

an effort which has been pursued without avail in the Supreme Court (Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928); Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925); and see Roviaro v. United States, 353 U.S. 53 at n. 14, p. 63 (1957), 77 S.Ct. 623, 629, 1 L.Ed.2d 639; and we are, thus, without warrant to reach a different conclusion. See Vick v. United States, 113 U.S.App.D.C. 12, 304 F.2d 379 (1962).

find in these or the other contentions advanced upon this appeal any justification for reversing the convictions.

Appellants, James Walker and Ethel Woody, were arrested on July 20, 1962.[2] Earlier that day a search warrant had been issued, authorizing a search of the residential premises shared by appellants. The affidavit submitted to the United States Commissioner by a detective of the Narcotics Squad recited that affiant had (1) received information from two previously reliable sources that appellants were selling heroin from their premises, (2), been told by a third informant that the latter had made purchases from appellants throughout the previous month, the last such purchase having been made the morning of July 20, 1962, and (3) been informed by another detective of the Narcotics Squad that the latter had had the apartment building under observation for the preceding week and had seen known drug addicts leaving and entering. With respect to the third informant just referred to, the affidavit also stated that such informant had identified appellants from Police Department photographs, and had related that he had observed appellants in their apartment on the morning of July 20 engaged in placing heroin into capsules.

The detective who made the affidavit executed the resulting warrant. Upon arriving at the second floor premises identified in the warrant, he found the door open and could see appellants within. After announcing his identity as a police office and that he had a search warrant, he saw appellant Walker pass to appellant Woody a brown purse wallet and a brown paper bag. He thereupon entered the room, arrested appellants, and took from Woody the bag and wallet. These were found to contain the unstamped narcotics which are the basis of the subsequent indictment and conviction.

## I

 It is urged upon us that the search warrant was invalid for the reason that there was not, within the meaning of Rule 41 of the Federal Rules of Criminal Procedure, "probable cause to believe" that grounds existed for its issuance. The argument largely rests upon the hearsay character of the recitals, and lack of identification of the informants or of specification of the basis of belief in their reliability. As to the former, however, the Supreme Court has said that hearsay may support a search warrant "so long as a substantial basis for crediting the hearsay is presented"; and, as to the latter, reliance may be placed upon unidentified informants "so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960).[3] We believe that, on this record, these qualifying conditions have amply been met.

2. Indictment occurred on August 20, 1962, and the first setting for trial was October 24, 1962. Three continuances resulted in actual trial dates of February 6–8, 1963. Because of this interval of about five and one-half months between indictment and trial, it is claimed that the District Court erred in denying the motion to dismiss the indictment, made on January 24, 1963, for an asserted deprivation of the right to a speedy trial provided by the Sixth Amendment. The Government and appellants differ somewhat in their assignment of responsibility for the delays. It is enough for us that they were variously compounded of the operation of the District Court's calendaring system, the unavailability of Government witnesses by reason of illness or being on vacation, the engagement of Government counsel, and the unavailability of defense counsel because of illness. We see no necessity to try to assign precise values to these various elements, nor, in particular, to try to resolve the essentially unresolvable problem of saying who is responsible for a delay when neither side is in a position to proceed. All we say is that, in the light of this record, there is no constitutional or other compulsion upon us to reverse the District Judge's ruling on this issue.

3. See also Ward v. United States, 108 U. S.App.D.C. 282, 281 F.2d 917 (1960), cert. denied, 365 U.S. 837, 81 S.Ct. 751, 5 L.Ed.2d 746 (1961).

Two informants are represented in the affidavit as having told affiant that appellants had been selling heroin at their residence for some time prior to July 20. A third informant is represented as having said that he had made such a purchase that very day, as well as throughout the preceding month. Corroboration for this was furnished by the information supplied by the second detective whose surveillance of the house during the week preceding July 20 had established the coming and going of a number of known drug addicts. There is also the circumstance, appearing in the affidavit, that affiant knew of his own knowledge that the third informant had identified appellants from among photographs in the Police Department as the persons from whom the purchases had been made. Testimony at the hearing on the motion to suppress also made clear that a somewhat ambiguous reference in the affidavit to "the prior knowledge of Woody and Walker" reflected affiant's personal knowledge of their addiction to drugs—a factor which we do not rely upon here because of the ambiguity referred to, but which we note that the Supreme Court has adverted to as an element of great significance in providing corroboration of the stories of informants.

The picture unfolded to the Commissioners here was, thus, not confined to bare recitals of what the informants had said. There were other tints which caught and reflected the gleam of truth in their assertions, the whole presenting a portrait of probable cause recognizable as such by even such exacting critics as the authors of the Fourth Amendment.[4]

## II

A second objection pressed here is addressed to the manner in which the warrant was executed. It is said that, since the warrant in terms commanded the search of a *place*, its authority cannot be extended to the search of a *person*. Since, so it is claimed, the detective employing the warrant took the receptacles containing the contraband from the hands of appellant Woody, this search was outside the area of authority delimited by the warrant and the drugs so discovered should not be available for use against appellants.

The Government advances alternative answers to this claim. One is that the circumstances shown to have existed at the time the detective entered the apartment were such that he was justified in arresting appellants without warrant; and that, accordingly, the immediate seizure of the drugs in the possession of Woody was incidental to a lawful search of the person of one properly arrested without an arrest warrant. Alternatively, it is argued that, on the facts of this record, the seizure of the articles physically in the hands of Woody may properly be regarded as comprehended within the authority granted by the search warrant issued by the Commissioner. Stressing always that we speak only in the context of the facts before us, we see no need to go beyond the alternative contention. A search warrant was issued here; the officer was engaged in executing it when the events occurred giving rise to this controversy; and we think it appropriate in the first instance to resolve the issue, if possible, by reference to the scope of the authority conferred by an existing

4. What has been said here with respect to the extent to which the showing of probable cause was comprised of elements over and above the informants' statements, disposes of another point made on this appeal. Upon the hearing of a motion to suppress, the District Court was asked to compel disclosure of the informants; its failure to do so is now assigned as error. An evidentiary privilege with respect to confidential informants has long been recognized. 8 Wigmore, Evidence § 2374 (3d ed.). We need not undertake to define its precise limits now, inasmuch as the exception to it invoked here is stated by appellants in their brief in terms of the assumption that the factual evidence of probable cause "consisted *entirely* of the hearsay statements of three unidentified, faceless and nameless informers." As indicated, we do not so view the record.

search warrant rather than to the general law of arrest without warrant.

On the facts here involved, we think the authority of the warrant can fairly be taken to have embraced the seizure of the wallet and bag. The affidavit supporting the warrant had reflected the report by the informant that appellants were engaged in preparing heroin in capsule form. When the officer serving the warrant first saw appellants in their apartment and announced to them that he was a law officer, the first response was for the man—Walker—to hand to the woman—Woody—the wallet and bag. We think it not unreasonable for the officer to have supposed that the heroin on the premises might be in these containers. Had the paper bag been on a table or on the floor in the apartment, it would clearly have been within the ambit of the warrant. We do not think it was less so here because it was in appellant Woody's hands. To hold otherwise, on the facts of this case, would be to suggest that a warrant to search premises may be frustrated by the device of simply picking up the guilty object and holding it in one's hand. No constitutional or statutory limitations that we know of require any such result.

■ This is not to say that the authority conferred by a warrant to search premises is coterminous with that residing in a warrant to search the person. See United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). There are obviously situations where the grant of the one cannot be enlarged to include the other. We hold only that, in the special circumstances shown by this record, due and proper execution of the warrant in question rationally comprehended within it the right to take the wallet and bag from the hands of appellant Woody.

Affirmed.

On Petition for Rehearing en Banc

Before BAZELON, Chief Judge, and WILBUR K. MILLER, FAHY, WASH-INGTON, DANAHER, BASTIAN, BURGER, WRIGHT and McGOWAN, Circuit Judges, in Chambers.

PER CURIAM.

On consideration of appellants' petition for rehearing en banc, it is

Ordered by the court en banc that the petition be, and it is hereby, denied.

J. SKELLY WRIGHT, Circuit Judge, with whom Chief Judge BAZELON concurs (dissenting):

The issue presented here, not treated in the panel opinion, and reurged in the motion for rehearing en banc, relates to an important aspect of the law concerning search warrants. Since Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), some misunderstanding has arisen in this area of the law, particularly with reference to the right of the defendant, in a hearing on a motion to suppress, to challenge the representations of the affiant in the "unnamed reliable informant" affidavit. This application for rehearing en banc is based on the refusal of the District Court to permit such a challenge. The pertinent colloquy which presented this issue in the court below follows. The policeman who signed the "unnamed reliable informant" affidavit on which the search warrant was based is being examined by defense counsel:

"BY MR. SIMON:

"Q. Getting back to these informers you stated you relied upon their statements and the affidavit, were any of these informers known narcotic addicts?

"THE COURT: What has that to do with this?

"MR. SIMON: Reliability of the informers, Your Honor.

＊　＊　＊　＊　＊

"MR. SIMON: ＊ ＊ ＊ [There is] a factual question, assuming that you could have an affidavit based wholly on hearsay, in this particular case were the informers reliable.

"THE COURT: I am not going to hear any evidence on that. In other words, stay with the execution of the warrant."

Apparently the district judge was laboring under the mistaken impression that since *Jones, supra,* the policeman's "unnamed reliable informant" affidavit is not subject to challenge as to misrepresentations contained therein. This, of course, is not the law. If, after weighing [1] the public interest in preserving the anonymity of the informant against the right of the defendant to know in the particular circumstances of this case, it is determined that disclosure is not required, the defendant would nevertheless have the right to test the police officer's representations in the affidavit, including the asserted reliability of the unnamed informant.

With respect to motions to suppress, Rule 41(e), F.R.Crim.P., provides that one of the grounds for suppressing the evidence obtained by a warrant is the lack of "probable cause for believing the existence of the grounds on which the warrant was issued." That Rule also provides that "[t]he judge shall receive evidence on any issue of fact necessary to the decision of the motion." And *Jones, supra,* while approving the issuance of a warrant based on an "unnamed reliable informant" affidavit, specifically recognizes that the affiant's, as distinguished from the unnamed informant's, representations are subject to challenge on a motion to suppress. 362 U.S. at 269–272, 80 S.Ct. at 735–737, 4 L.Ed.2d 697. It would seem, therefore, that the policeman is not the final judge of reliability of an informant, or of any other evidence of probable cause. At least, the

facts on which he predicates his judgment are subject to judicial review. *Ibid.* Rule 41(e), F.R.Crim.P.

I would grant the motion for rehearing *en banc.*

---

1. The judge also seems to have acted under the mistaken impression that, since *Jones, supra,* there is an absolute right not to disclose the names of informants on the hearing of a motion to suppress. The Government asserted no such right. And, of course, there is none. "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of informa-

tion against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628–629, 1 L.Ed.2d 639 (1957).