**UNITED STATES of America**

v.

**Earl S. JENNINGS.**

**Crim. No. 364–64.**

United States District Court
District of Columbia.

Nov. 20, 1964.

Joseph A. Lowther, Asst. U. S. Atty., for plaintiff.

William J. Garber, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

The defendant was indicted for violation of the federal narcotics laws. His pretrial motions to dismiss the indictment and to suppress evidence were denied without opinion by another judge of the court. As the case came on for trial, the same motions were renewed. However, this Court reserved decision on the issues raised in said motions and the case was tried without a jury upon a waiver duly executed by the defendant and

agreed to by the United States Attorney. Upon completion of the evidence, the Court found the defendant guilty as charged,[1] but withheld its judgment pending study and resolution of the legal points raised in defendant's motion for judgment of acquittal (the same points referred to above). The defendant does not assert the insufficiency of the evidence to sustain the finding of guilty. The motion for judgment of acquittal is based solely on the two legal points described herein.

In the first ground urged in his motion for judgment of acquittal, the defendant claims that the statutory scheme regulating narcotics activities operated to violate his constitutional rights. He points to 33 D.C. Code § 402 which defines certain narcotics activity as a misdemeanor and to 21 U.S.C. § 174 which proscribes allegedly identical conduct as a felony. The gist of his argument is that Congress may not constitutionally grant unlimited discretion to prosecute and convict for either a felony or a misdemeanor on the basis of the same act. This contention was recently urged in the Court of Appeals, but was implicitly rejected by the three-judge panel when they affirmed the conviction by per curiam order in Lloyd v. United States, No. 18049, D.C.Cir., July 3, 1964. It was again raised in a motion for rehearing *en banc* in the same case. That motion was denied by a divided court, Lloyd v. United States, supra, Nov. 6, 1964. However, Judge Bazelon's dissent from the denial posed a number of serious questions bearing on this argument. It has now come to the Court's attention that substantially the same issue has been raised again in the Court of Appeals in Hutcherson v. United States, No. 18375, D.C.Cir. That case has been argued and is presently under advisement. In anticipation of an express holding in Hutch-

erson which will be dispositive of this matter, the Court defers its ruling on the motion for judgment of acquittal based on this ground.

However, the Court does at this time address itself to the defendant's second ground for judgment of acquittal, namely, that the evidence was unlawfully seized and should be suppressed. The defendant contends that the warrant which authorized the search of the premises at 301 56th Street, N. E., Apt. 31, was supported by insufficient evidence to justify the Commissioner's finding of probable cause.

The search warrant for the above address was issued by the United States Commissioner on January 17, 1964, upon the affidavit of Detective David Paul of the Metropolitan Police Department's Narcotics Squad. Where, as here, the Commissioner's judgment on the sufficiency of probable cause for the issuance of a search warrant is based solely on an affidavit, the Court properly makes its own judgment on the same question, Schoeneman v. United States, 115 U.S. App.D.C. 110, 317 F.2d 173 (1963). The test to be applied is whether there was a "substantial basis" for the Commissioner to conclude that narcotics were in the premises authorized to be searched. Rugendorf v. United States, 376 U.S. 528, 533, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

Although the meaning of "substantial basis" is not readily translatable into precise language, the Court is guided in its disposition of this issue by two relatively recent decisions of the Court of Appeals which applied that standard. In Ward v. United States, 108 U.S.App. D.C. 282, 281 F.2d 917 (1960), cert. denied, 365 U.S. 837, 81 S.Ct. 751, 5 L.Ed.2d 746 (1961), a search warrant was sustained where the application for

---

1. The two-count indictment charged violations of 26 U.S.C. § 4704(a) and 21 U.S.C. § 174. The indictment originally enumerated four counts. However, the defendant's motion for judgment of acquittal on the last two counts was grant-

ed on the ground that the indictment enlarged one transaction into two. The government agreed that there was only one seizure on one occasion and that only two counts were properly indictable.

its issuance recited (1) that the agent had observed known narcotic addicts and peddlers entering and leaving the premises on at least two occasions; (2) that one known peddler who departed from the premises that very day was arrested and found to be in possession of narcotics, which he admitted purchasing on the premises; and (3) "information from other reliable sources." Similarly, the issuance of a search warrant was upheld in Irby v. United States, 114 U.S.App. D.C. 246, 314 F.2d 251, cert. denied, 374 U.S. 842, 83 S.Ct. 1900, 10 L.Ed.2d 1064 (1963). In Irby, the affidavit supporting the warrant recited that narcotics officers observed one of their own special employees enter the premises in question for the purpose of making a purchase and then return shortly with the information that Mr. Irby, the occupant, was out "capping" heroin. The affidavit further stated that the agents observed several known addicts standing in front of the apartment premises. Later that day, it continued, the special employee was seen handing "police" money to another who returned with a small package of white powder believed to be narcotics. The affidavit also recited that some six weeks later the special employee again returned to the apartment in question and made a purchase of narcotics from a female therein. The Court held that this information was sufficient for the Commissioner to believe that Irby or others in his home were violating the law.

In the instant case, Detective David Paul's affidavit contained the following sworn statements, among others: It recited that Detective Paul had received information from two previously reliable sources that McNair and Nelson were peddling heroin in the vicinity of 8th and L Streets, N. W. Both sources further stated they had made purchases on the day prior to the request for the warrant. They also stated they knew McNair and Nelson obtained new supplies several times a day; one source adding that they made several trips a day to northeast Washington in a certain, described automobile. The affidavit then recited that on January 17, the date the warrant was requested, Detective Paul observed McNair, Nelson and another enter the car described by the informant in the vicinity of 8th and L Streets, N. W., and that he followed the car to the vicinity of 56th Street, N. E. where he observed McNair and Nelson walk up to and enter the premises of 301 56th Street, N. E. After observing them leave the premises, Detective Paul stated that he radioed an associate to follow them while he returned directly to the vicinity of 8th and L Streets, N. W. It was further maintained in the affidavit that within a short time, McNair and Nelson returned to the vicinity of 8th and L Streets, N. W., where they were promptly arrested by Detective Paul and others who had taken up observation points. The affidavit stated that large quantities of a substance believed to be heroin were found on the persons of McNair and Nelson. Nelson told the detectives that the supply was obtained in northeast Washington, but he would not reveal the address. The affidavit then stated that an immediate investigation disclosed that both McNair and Nelson had prior narcotics convictions, and that Nelson had used 301 56th Street, N. E., Apt. 31, as his address.[2]

On the basis of this and other information in the affidavit, the warrant issued. The Court concludes that (1) the information from previously reliable sources that McNair and Nelson obtained several new supplies a day from northeast Washington: plus (2) the detective's personal observation of McNair and Nelson drive to and enter the premises at 301 56th Street, N. E.; plus (3) the finding of a substance reasonably believed to be heroin on the persons of McNair and Nelson upon arrest shortly after they had departed from 301 56th Street, N. E.; plus (4) the fact that Nelson had previously given 301 56th Street, N. E., Apt. 31, as his address, all combined to give the commissioner a

---

2. Further, McNair said that she was married to Nelson.

"substantial basis" for concluding that narcotics were probably in the premises in question. As the Supreme Court said in Rugendorf, supra at 533, 84 S.Ct. 825, "no more is required." Certainly the quantum of factors before the Commissioner in this case possessed the qualitative weight of the considerations held to be sufficient in Ward and Irby.

Therefore, the defendant's motion for judgment of acquittal based on illegally seized evidence is hereby denied. The motion for judgment of acquittal based on the first ground discussed herein is continued under advisement. The Court will issue a further and final order in this case upon receipt and consideration of the decision of the Court of Appeals in Hutcherson. In the meantime, the defendant may remain on bond.