**UNITED STATES of America**

v.

**Carol RICCITELLI.**

**Crim. No. 11758.**

United States District Court
D. Connecticut.

Oct. 21, 1966.

Jon O. Newman, U. S. Atty., Samuel J. Heyman, Asst. U. S. Atty., New Haven, Conn., for plaintiff.

Donald G. Walsh, Walsh, Brenner, Susman & Duffy, New Haven, Conn., for defendant.

### MEMORANDUM OF DECISION

ZAMPANO, District Judge.

In a two count information filed on June 21, 1966, the defendant is charged with failing to pay the special occupational tax imposed on wagering and to register as required by 26 U.S.C.A. §§ 4411 and 4412, respectively, in violation of 26 U.S.C.A. § 7203. Defendant now moves, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, to suppress certain evidence which she alleges was illegally seized from her person.

On June 15, 1966, at approximately 1:30 P.M., agents of the Internal Revenue Service and State Police officers proceeded to 448 Center Street, Bridgeport, Connecticut, to execute a warrant to search the premises. The officers entered the apartment through the front and rear doors. Policewoman Hagerty and Special Agent Palaza went into the kitchen where they observed at a table

Mrs. Jennie Niglio, owner and occupant of the premises, and the defendant, Mrs. Niglio's daughter-in-law who was visiting her at the time. In the center of the table they noticed a pocketbook. Believing that incriminating evidence might be concealed in the purse, Mrs. Hagerty opened it and removed two adding machine tapes, three slips of lined paper with figures thereon, and the sum of $574.00. She referred these items to Agent Palaza, who had just completed reading the search warrant to Mrs. Niglio and the defendant. In response to the agent's question, the defendant admitted ownership of the pocketbook.

The defendant was not arrested and was told she was free to leave. She did leave and later that afternoon returned to the premises, saw her pocketbook on the table, and, on examining it, found the contents intact except for the aforementioned articles. The defendant was arrested at about 6:30 P.M. that evening.

Neither the validity of the search warrant nor the manner in which entrance to the premises was gained is challenged by the defendant. She contends, however, that the search of her pocketbook constituted a search of her *person*, which exceeded the power granted by the terms of the warrant and, therefore, the evidence should be suppressed and returned. Cf. United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948). The Court disagrees.

The warrant authorized the officers to search the premises and seize concealed "records, papers, writings, slips * * * cash monies." The pocketbook in plain view on the table was an obvious receptacle which reasonably should have been inspected to determine whether it contained property described in the warrant for seizure. Cf. United States v. Joseph, 174 F.Supp. 539, 544-545 (E.D. Penn.1959), aff'd, 278 F.2d 504 (3 Cir. 1960); United States v. Pardo-Bolland, 229 F.Supp. 473 (S.D.N.Y.1964), aff'd, 348 F.2d 316 (2 Cir.), cert. denied, 382 U.S. 944, 86 S.Ct. 388, 15 L.Ed.2d 353 (1965). The defendant did not have physical possession of the purse, she was not coerced into surrendering it, and she did not declare her ownership until after the search was completed. Under these circumstances, the actions of the officers in searching the pocketbook and seizing the incriminating evidence were reasonable and proper and within the scope of the commands set forth in the warrant issued by the Commissioner. Walker v. United States, 117 U.S.App.D.C. 151, 327 F.2d 597, 599-600 (1963), cert. denied 377 U.S. 956, 84 S.Ct. 1635, 12 L.Ed.2d 500 (1964); Clay v. United States, 246 F.2d 298, 304 (5 Cir.), cert. denied 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69 (1957); cf. United States v. McKethan, 247 F.Supp. 324 (D.D.C.1965); cf. Carlo v. United States, 286 F.2d 841, 845 (2 Cir.), cert. denied 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961).

Accordingly, defendant's motion to suppress and return is denied.